[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 03, 2001
THOMAS K. KAHN
CLERK

_____

No. 00-14847
Non-Argument Calendar

_____

D.C. Docket No. 79-00418-CV-ORL-18

FLORIDA ASSOCIATION FOR RETARDED CITIZENS, INC.,
GWENDOLYN J. THOMAS, an infant by her mother Rebecca Thomas, et al.,

Plaintiffs-Appellants,

versus

JEB BUSH, Governor of the State of Florida, DAVID H. PINGREE,
Secretary, Department of Health and Rehabilitative Services, et al.

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 3, 2001)**

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

The plaintiffs in this case filed this class action against the State of Florida on August 30, 1979 challenging Florida's treatment of persons with mental retardation who lived in state facilities. A consent decree granting broad relief to the plaintiffs was entered by the district court in October 1982. In that decree, the district court explicitly retained jurisdiction to issue "such further orders as may be necessary or appropriate, for the execution and enforcement of compliance with" the consent decree. Subsequently, several amendments were made to the consent decree, the last of which was embodied in an order entered on June 15, 1990. One provision of that order required: "Defendants shall provide the plaintiffs on an annual basis a listing of all class members by HRS district and residential facility or home."

At some point after 1990 the defendants allegedly stopped providing the annual reports to the plaintiffs as required in the 1990 order. On October 15, 1999, the plaintiffs filed motions for the district court to re-open the case and to order the defendants to show cause as to why they should not be held in contempt for failure to comply with the 1990 order. Although the defendants never responded to these motions (and the district court apparently could not find the record), the district court entered an order on July 6, 2000, stating that:

> Because the case is over twenty years old and is administratively closed, Plaintiffs' motion is DENIED. If Plaintiffs have any new issues that

2

they would like to raise, Plaintiffs should file a new case.

The plaintiffs timely appealed that July 6, 2000 order, and we vacate it and remand for the reasons that follow.

With their motions to re-open and to order the defendants to show cause, the plaintiffs sought the court's assistance in enforcing the provisions of an existing consent decree. This Court recently reiterated in Reynolds v. Roberts, 207 F.3d 1288 (11th Cir. 2000), the proper procedure for seeking the enforcement of a consent decree. In Reynolds, we explained that:

> [Injunctions, including consent decrees,] are enforced through the trial court's civil contempt power. . . . If the plaintiff (the party obtaining the writ) believes that the defendant (the enjoined party) is failing to comply with the decree's mandate, the plaintiff moves the court to issue an order to show cause why the defendant should not be adjudged in civil contempt and sanctioned. . . . The plaintiff's motion cites the injunctive provision at issue and alleges that the defendant has refused to obey its mandate. . . . If satisfied that the plaintiff's motion states a case of non-compliance, the court orders the defendant to show cause why he should not be held in contempt and schedules a hearing for that purpose. At the hearing, if the plaintiff proves what he has alleged in his motion for an order to show cause, the court hears from the defendant. At the end of the day, the court determines whether the defendant has complied with the injunctive provision at issue and, if not, the sanction(s) necessary to ensure compliance.

Id. at 1298 (citations omitted). See also Thomason v. Russell Corp., 132 F.3d 632, 634 n.4 (11th Cir. 1998) (same). The plaintiffs complied with this procedure, and we do not believe that the reasons cited by the district court for denying the motions are

3

sufficient.

The first reason cited by the district court - the age of the case - does not provide a basis for declining to enforce an existing order of the court. Although not all injunctions operate in perpetuity, a district court should enforce an injunction until either the injunction expires by its terms or the court determines that the injunction should be modified or dissolved. See, e.g., Board of Educ. of Oklahoma City Public Schools v. Dowell, 498 U.S. 237, 247-49, 111 S. Ct. 630, 637 (1991).

Likewise, we do not believe that the fact that a case has been administratively closed alters the procedures which a party to a consent decree must follow in order to seek enforcement of the provisions of the decree. As the First Circuit has noted, "an administrative closing has no effect other than to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository." Lehman v. Revolution Portfolio LLC, 166 F.3d 389, 392 (1st Cir. 1999). Designating a case "closed" does not prevent the court from reactivating a case either of its own accord or at the request of the parties. Id. Furthermore, the Supreme Court's opinion in Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 381, 114 S. Ct. 1673, 1677 (1994), makes clear that a court may assert jurisdiction in order to enforce the terms of a consent decree after a case is closed.

Also, we do not agree with the district court's assertion that the plaintiffs should

4

seek relief, to which they allege that they are entitled by virtue of the existing consent decree, by bringing a new lawsuit. Not only would that require the parties and the courts to waste judicial resources re-litigating issues which have been dealt with, it would also deny the plaintiffs the benefit of the bargain which was reached in the original consent decree and which the defendants obliged themselves to provide. See Local Number 93, Int'l. Assoc. of Firefighters, AFL-CIO v. City of Cleveland, 478 U.S. 501, 524 n.13, 106 S. Ct. 3063, 3076 n.13 (11th Cir. 1986) (noting that benefits of consent decrees include avoiding re-litigation of facts, flexibility of enforcement procedures available to courts, and channeling of litigation to single forum); United States v. City of Northlake, Illinois, 942 F.2d 1164, 1168 (7th Cir. 1991) (noting that requiring new lawsuit to enforce consent decree would undermine goal of avoiding protracted litigation by entering into court-supervised agreement and would create disincentive for plaintiffs considering entering into such decrees). Therefore, we believe that the district court erred in requiring the plaintiffs to file a new lawsuit in order to seek enforcement of a specific provision of an existing consent decree.

Although we vacate the district court's order, we do so without prejudice to the defendants' ability to move the district court to either modify or dissolve the consent decree. Although the defendants argue that the district court effectively terminated the consent decree in the order before us, we do not agree. The order itself does not

so indicate, and it is clear that the district court did not engage in the procedure required by our case law in order for a consent decree to be terminated.  See United States v. City of Miami, 2 F.3d 1497 (11th Cir. 1993) (explaining procedure for seeking modification or dissolution of consent decree).  Therefore, if the defendants take the position that the consent decree in this case is no longer justified, they should make an appropriate motion to the district court on remand to have the decree either modified or terminated.

We VACATE the district court's order, and REMAND for proceedings consistent with this opinion.[1]

---

[1]The Plaintiffs' motion to supplement the record on appeal is denied.