MATTEL, INC., Plaintiff–Appellant,

v.

REALTOY INTERNATIONAL, LIMITED, Defendant–Appellee.

No. 01–56566.

D.C. No. CV–01–02266–RJK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted, July 8, 2002.

Decided July 26, 2002.

Before KOZINSKI and FERNANDEZ, Circuit Judges, and KING,[*] District Judge.

## MEMORANDUM [**]

This case arises out of a lawsuit involving the trade dress of Mattel, Inc. ("Mattel") and Realtoy International, Limited's ("Realtoy") packaging of similar toy car products.

### I

In 1998, Mattel discovered that Realtoy, a Hong Kong based business, was marketing products with packaging very similar to Hot Wheels packaging. On May 11, 1998, Mattel filed suit in the district court, seeking damages arising out of Realtoy's sales of the "Action City Parking Garage" and other toys using packaging that infringed upon Mattel's rights, as well as injunctive relief preventing further acts of infringement. The parties entered into a settlement and the district judge entered the Stipulated Final Judgment on December 16, 1998.

On December 7, 2000, under the first suit's case number, Mattel filed an ex parte application for an order to show cause why Realtoy should not be held in contempt. In its application, Mattel alleged that Realtoy, "in clear violation of the Judgment, continues to sell toy vehicle products that employ product packaging that is confusingly similar to the HOT

---

[*] Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

WHEELS packaging trade dress." The court held a hearing on February 26, 2001, and denied the application on the ground that Mattel had failed to meet the "heavy burden" of showing contempt.

Mattel did not appeal the district court's ruling, but instead filed a new complaint on March 8, 2001, alleging trade dress infringement. The matter was transferred to the same district judge who had presided over the initial suit, entered the Stipulated Judgment, and ruled on the contempt proceeding. Realtoy filed a timely motion to dismiss for failure to state a claim. Fed.R.Civ.P. 12(b)(6).

The district court granted Realtoy's motion to dismiss the second suit, stating that contempt was the exclusive remedy to enforce a consent decree, and citing *United States v. Armour & Co.*, 402 U.S. 673, 91 S.Ct. 1752, 29 L.Ed.2d 256 (1971), *United States v. Fisher,* 864 F.2d 434, 439 (7th Cir.1988), and *Florida Ass'n for Retarded Citizens, Inc. v. Bush,* 246 F.3d 1296, 1298 (11th Cir.2001). The district court explained that although Mattel's complaint was not barred by res judicata, it was barred by "contractual principles" related to the consent decree. We reverse.

## II

Upon reviewing the Stipulated Judgment in the first lawsuit, we find that Mattel is not precluded from filing a suit for trade dress violations which arose after the initial suit was resolved. This is not a case of res judicata, as the district court correctly noted in its order granting Realtoy's Motion to Dismiss, because the present lawsuit is based on conduct which occurred after the entry of the prior judgment. *See Lawlor v. Nat'l Screen Serv. Corp.,* 349 U.S. 322, 328, 75 S.Ct. 865, 99 L.Ed. 1122 (1955). The claims therefore were not "brought" and did not "arise out of the same facts as those" brought in the previous case. *Int'l Techs. Consultants,*

*Inc. v. Pilkington PLC,* 137 F.3d 1382, 1387 (9th Cir.1998).

Dismissal was not justified by the language of the Stipulated Judgment. "A consent decree in a private action imposes no more on the party to be bound than that party agreed to." *Id.* (citing *United States v. Armour & Co.,* 402 U.S. 673, 682, 91 S.Ct. 1752, 29 L.Ed.2d 256 (1971)). The Stipulated Judgment provided that the same court "will retain jurisdiction to the extent necessary to enforce this Judgment and to determine any contempt issues which may arise concerning this Judgment." There is no explicit covenant not to sue over later conduct, but only an agreement that contempt issues would be determined by the same court. Mattel's complaint sufficiently stated a claim upon which relief could be granted and the district court erred by granting Realtoy's Motion to Dismiss.

REVERSED and REMANDED.