20    *ATAC Corp., et al. v.*
*Arthur Treacher's, et al.*                    No. 98-3764

IX

For the reasons detailed above, we hold that this court lacks jurisdiction over the instant appeal of the stay pending arbitration and dismiss it forthwith. ATAC is correct that this circuit has not adopted the embeddedness rule, but the district court's stay order is nevertheless unappealable under the rule that this court has adopted. Therefore, the motion to dismiss the appeal is GRANTED. The motion to file a sur-reply is DENIED. However, we hold that the appellants' motion for sanctions in the proceedings below was improperly denied as moot. The district court may consider the motion for sanctions on such schedule as it chooses, and may conduct any further proceedings consistent with this opinion.

*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0059P (6th Cir.)
File Name: 02a0059p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

ATAC CORPORATION;
PATRICK T. CULLEN; C & R
INVESTMENTS; THOMAS
RODGERS, III,
     *Plaintiffs-Appellants,*

     *v.*

ARTHUR TREACHER'S, INC.;
JAMES CATALAND; WILLIAM
SACULLA; JAMES CATALAND,
SR.,
     *Defendants-Appellees.*

No. 98-3764

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 95-01032—Ann Aldrich, District Judge.

Argued: June 14, 2000

Decided and Filed: February 15, 2002

Before: KENNEDY, JONES, and BOGGS, Circuit Judges.

———————————

**COUNSEL**

**ARGUED:**    Joseph D. Zamore, ZAMORE, GISSER, TUROFF & SPRAGUE, Shaker Heights, Ohio, for Appellants.  Matthew K. Seeley, SEELEY, SAVIDGE & EBERT, Cleveland, Ohio, for Appellees.  **ON BRIEF:** Joseph D. Zamore, ZAMORE, GISSER, TUROFF & SPRAGUE, Shaker Heights, Ohio, for Appellants.  Matthew K. Seeley, Keith A. Savidge, SEELEY, SAVIDGE & EBERT, Cleveland, Ohio, for Appellees.

———————————

**OPINION**

———————————

  BOGGS, Circuit Judge.  Between 1991 and 1994, ATAC Corporation, C & R Investments, Inc., and two individuals ("the ATAC plaintiffs," or "ATAC") entered into a series of so-called master franchise agreements with Arthur Treacher's, Inc. and its representatives.  These agreements governed control of regional or master franchise territories for Arthur Treacher's fish and chips restaurants in specified parts of the United States and Mexico.  Under the agreements, ATAC paid Arthur Treacher's, Inc. for the right to prospect for individual restaurant operators.  In return, ATAC was to be compensated for prospective franchisees that it recruited.

  The ATAC plaintiffs filed suit in federal district court on May 9, 1995, alleging that the Arthur Treacher's defendants breached those master franchise agreements.  Briefly, ATAC claims that Arthur Treacher's broke its promises of exclusivity in franchise development in certain geographic areas.  Though the contract disputes form the background of the present controversy, the merits of the disputes are not before us on appeal.  Rather, ATAC appeals the district court's judgment that the underlying disputes are subject to arbitration.  In particular, ATAC asserts that the parties

same issue was pending in court.  Because the district court had ordered the university to resume its processing of Wedding's grievance, which it undoubtedly would have completed before a final judgment could be entered in the case, an erroneous decision by the district court on that question would have been effectively unreviewable at a later point in time.  The putatively unauthorized processing of the grievance could not be undone.  ATAC does not face a similar dilemma.  If arbitration were ultimately to be found unwarranted by the arbitrator, the district court, or a reviewing court, litigation could proceed to resolution.

### VIII

  Finally, ATAC argues that the FAA does not divest a district court of jurisdiction to determine collateral matters like sanctions for discovery abuses even when a motion to stay a proceeding pending arbitration is granted.  The district court determined that its stay order rendered ATAC's motion for sanctions moot.  The district court did not cite any authority for this determination, and relevant precedent does not support that conclusion.  Rather, ample precedent indicates that a district court retains jurisdiction over collateral matters that do not require addressing the legal merits of the case.  In particular, courts have imposed sanctions after staying a case pending arbitration.  *See LaPrade v. Kidder Peabody & Co.*, 146 F.3d 899, 907 (D.C. Cir. 1998); *see also Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990); *Chemiakin v. Yefimov*, 932 F.2d 124, 130 (2d Cir. 1991); *Grossman v. Garratt & Evans*, No. 92-1407, 1993 U.S. App. LEXIS 10533 at **4-5 (6th Cir. April 30, 1993).  We need not yet determine whether sanctions are warranted here, but we do hold that a motion for sanctions does not become moot due to the grant of a stay pending arbitration.

on this point. The district court must determine that a party applying for a stay pending arbitration is not in default. The district court below did so here, and we may not re-examine that finding unless and until the final judgment is before us on appeal after arbitration has been completed.

### VII

Similarly, ATAC's argument that the collateral order doctrine provides this court jurisdiction over the appeal flies in the face of Congress's purpose in passing § 16. Although that doctrine emerged to furnish us with jurisdiction over appeals in some cases otherwise proscribed by the general statutes governing appeals, the specific statute governing appeals in the arbitration context was amended in 1988 well after the doctrine had arisen. Congress legislated with specificity in the arbitration context, and its statute supersedes the collateral order doctrine. *See Napleton*, 138 F.3d at 1217 (Wood, J., dissenting); *see also Filanto*, 984 F.2d at 60 n.2. Moreover, the very harm that ATAC claims to be effectively unreviewable for purposes of the collateral order doctrine is precisely the cost of arbitration that Congress has directed to be borne in this circumstance by the party opposing arbitration. Or, put another way, the harm ATAC alleges does not suffice to establish effective unreviewability for purposes of the collateral order doctrine in light of § 16.

ATAC argues that our *Wedding v. University of Toledo* decision upheld appellate jurisdiction via the collateral order doctrine under similar circumstances. *See Wedding v. University of Toledo*, 89 F.3d 316 (6th Cir. 1996). However, a close examination of the *Wedding* case reveals that the interim costs of arbitration borne by the appellant there were not what prompted this court's determination that the complaint on appeal was effectively unreviewable at a later time. Although the case arose in an arbitration context, the crux of the dispute was the legality of a clause in the university's collective bargaining agreement that required suspension of a grievance procedure while litigation of the

expressly agreed to exclude from arbitration the kind of contract disputes at issue here. In support of this claim, ATAC relies on parol evidence suggesting that Charles Olminsky, who was the author of the master franchise agreements as Director of Franchising for Arthur Treacher's, told ATAC that the arbitration provision would only apply to operational matters under the agreements and would expressly exclude claims of violations of law and/or problems with the formation of any agreement. ATAC further contends that Arthur Treacher's waived any right to arbitrate, that Arthur Treacher's defaulted in proceeding with arbitration, and that Ohio state law prevents arbitrating the kind of dispute at issue. ATAC also complains that the district court erred in denying as moot its motion for sanctions against Arthur Treacher's for the latter's abuses of the discovery process when the parties were preparing for trial.

Before considering the merits of these claims regarding arbitrability, however, this court must address whether it even has proper jurisdiction over this appeal. Because we ultimately conclude that jurisdiction is lacking for this appeal, we will dismiss it without addressing at this time the merits of ATAC's claims that its contract disputes are not subject to arbitration. We also hold that the motion for sanctions is not moot, but may be considered at the district court's discretion.

### I

A brief rehearsal of the procedural history of this case will clarify where this matter stood when argued to this court, as well as the genesis of the motion for sanctions below. ATAC filed its complaint on May 9, 1995. When no response was filed, ATAC moved for entry of a default judgment against Arthur Treacher's on November 1, 1995, and it was entered on November 2. On January 5, 1996, Arthur Treacher's moved to set aside the default judgment, which motion the court granted on February 20. Arthur Treacher's then answered the complaint on February 26, 1996. The court set a trial date for January 6, 1997. On April 19, 1996, ATAC

filed an amended complaint after receiving Arthur Treacher's initial disclosures. Arthur Treacher's answered and moved to dismiss that complaint on May 7, 1996. On May 15, ATAC filed a second amended complaint, which Arthur Treacher's moved to strike on May 24. On June 4, 1996, Arthur Treacher's filed a motion for partial judgment on the pleadings. On June 14, Arthur Treacher's filed a request for production of documents from ATAC.

On January 6, 1997, after a substitution of counsel for ATAC and a number of depositions by both sides, ATAC filed a third amended complaint. One year later, on January 6,1998, the district court deferred a motion by Arthur Treacher's to dismiss portions of that complaint, pending further briefing to the court. On that date, the court also set a new discovery deadline of March 16, a new dispositive motion deadline of April 13, and a new trial date of June 15, 1998. After several discovery dispute conferences, the court ordered Arthur Treacher's to answer ATAC's third amended complaint. Arthur Treacher's did so on February 13, 1998, asserting several counterclaims and, for the first time, claiming that ATAC had a duty to arbitrate the dispute. ATAC moved to dismiss the counterclaims on March 9, and it filed a motion for sanctions against Arthur Treacher's on March 30, alleging abuse of the discovery process.

On April 13, the deadline date for dispositive motions, Arthur Treacher's filed a motion to stay the proceedings pending arbitration. On May 7, Arthur Treacher's moved to continue the trial date until the court ruled on the pending motions. On May 28,1998, the district court issued an order "perpetually staying further proceedings and closing the . . . case subject to reopening for good cause shown upon written motion by either party, after completion of the arbitration process." The court did not compel the parties to arbitrate *sua sponte*, nor has either party filed a motion to compel arbitration or commenced arbitration proceedings. ATAC argues that because Arthur Treacher's filed for the stay, Treacher's must also proceed to request arbitration. Arthur

rather than a stay allows that question to be determined promptly on appeal. On the other hand, in the large majority of cases, the district court can speed along an arbitration about whose validity it thinks there is little legal dispute by staying the action rather than dismissing it. The statute appears to contemplate this case-management advantage, and the courts of appeals should enforce that statutory scheme rather than create another test for appealability not grounded in the language of the statute.

## VI

ATAC argues that the FAA is unconstitutional insofar as it precludes an immediate appeal of the district court's arbitrability decision. Although ATAC claims that this argument is one of first impression nationally, numerous courts of appeals have addressed the concern ATAC raises and have concluded that arbitrability is a legal issue that courts of appeals may consider *after* arbitration has taken place. "The Act 'evidences a "pro-arbitration tilt," which 'requires that . . . the party opposing arbitration . . . bear the initial consequence of an erroneous district court decision requiring arbitration.' " *Napleton*, 138 F.3d at 1214 (quoting *Gammaro*, 15 F.3d at 96). In this case, the law places some burden on ATAC, but it is a burden that Congress has placed and ATAC has not shown that the Constitution forbids it. Moreover, a rule allowing immediate appeal of all decisions favoring arbitration would burden the party to whom Congress has given the right to require arbitration.

ATAC raises other arguments that the FAA is unconstitutional, including a void-for-vagueness argument. ATAC also claims that because § 16(b)(1) precludes appeals of stays granted "under section 3," this court must determine for itself on appeal whether the party seeking the stay was in default in pursuing arbitration (as the district court must do before granting a stay under § 3) before ruling on our jurisdiction over the appeal of the stay. These arguments are wholly specious. The FAA is quite clear in its requirements

will not want to accrue additional costs when they will have no choice in the end but to proceed with arbitration anyway. Hence, this circuit's approach promises to be quite efficient prospectively, once district courts and future parties recognize the implication of the rule.

Admittedly, the *Arnold* rule may have the disadvantage of slightly expanding the district court's control over appeals, but the statute seems to contemplate that result in proscribing appeals from orders staying proceedings in deference to arbitration. The Seventh Circuit has criticized a rule like ours that gives weight to whether the district court dismissed rather than stayed an action, precisely because it allows a district court to determine the jurisdiction of an appellate court. *See Napleton*, 138 F.3d at 1213. However, the district court may already elect to certify or not certify an interlocutory order for immediate appellate review. Besides which, the embeddedness rule carries a worse defect in allowing a moving party to determine appealability based on the kind of action brought below. Simply by instituting an independent proceeding rather than an embedded one, a party could ensure appealability of the district court's order. If forced to choose between placing control over appellate jurisdiction with district courts or with the parties themselves, the district courts are a safer bet to avoid strategic behavior. It would make a fetish of controlling our own appellate jurisdiction to reject a rule that empowers district courts in order to adopt a rule that warps the governing statute and still leaves the appeals process open to manipulation from the outset by a party.[6]

In any case, the district courts cannot ultimately insulate any erroneous judgments as to arbitrability under either rule. However, under the *Arnold* rule, in cases where there is a genuine legal question concerning arbitrability, a dismissal

---

[6]The Supreme Court in *Green Tree* specifically noted that it did not address the relative merits of a district court's "enter[ing] a stay instead of a dismissal" in that case. *Green Tree*, 531 U.S. at 87 n.2.

---

Treacher's responds that ATAC is obliged to commence any arbitration proceedings, because ATAC is the party with a grievance. The court dismissed as moot the remainder of the pending motions, including Arthur Treacher's motion for partial summary judgment and ATAC's motion for sanctions. ATAC appealed.

Before any briefs had been filed before us, Arthur Treacher's filed a motion on August 31, 1998 to dismiss this appeal for lack of jurisdiction. According to Arthur Treacher's, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 3 and 16, the district court's order to stay proceedings pending arbitration is not appealable. ATAC filed a response in opposition, to which the appellees have replied. ATAC also moved for leave to file a sur-reply. Appellees oppose that motion and have moved to strike the sur-reply. By order dated April 28, 1999, a panel of this court referred the motion to dismiss and related motions to the panel assigned to decide the merits of this appeal.

ATAC insists that its claims are not subject to arbitration, and that the district court's stay order is erroneous and immediately reviewable. Even should the stay be deemed proper or unreviewable at this time, ATAC argues that its motion for sanctions against Arthur Treacher's for abusing the discovery process, in part by taking depositions appropriate to litigation before invoking its right to arbitrate, was not mooted by the issuance of the stay. We deferred consideration of the motion to dismiss the appeal until after the oral argument, which covered both the jurisdiction and arbitrability issues.

## II

When a suit is brought in federal court on issues that by written agreement are subject to arbitration, the Federal Arbitration Act requires that:

> the court in which such suit is pending, upon being satisfied that the issue involved in such suit or

proceeding is referable to arbitration . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. An appeal may be taken from "a final decision with respect to an arbitration that is subject to this title." 9 U.S.C. § 16(a)(3). However, "[e]xcept as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order . . . granting a stay of any action under Section 3 of this title." 9 U.S.C. § 16(b)(1). Appellate review is permitted under the 1292(b) exception if the district court certifies its order for interlocutory review, but there has been no such certification here. Hence, Arthur Treacher's argues that the stay order below was not a final order, and urges this court to dismiss ATAC's appeal for want of appellate jurisdiction.

The issue that is central to the determination of this court's jurisdiction is whether the order below was a § 16(a)(3) "final decision with respect to an arbitration" or a § 16(b)(1) "interlocutory order . . . granting a stay" of the proceedings in deference to arbitration. The circuit courts of appeals have been split in their approach to this issue.[1] Several circuits

---

[1] The Second, Third, Sixth, Tenth, and (formerly) the Seventh Circuit follow one approach, while the First, Fourth, Fifth, Eighth, Ninth, Eleventh, and (currently) the Seventh Circuit follow another. Compare *Filanto, S.p.A. v. Chilewich Int'l Corp.*, 984 F.2d 58 (2d Cir. 1993). *Nationwide Ins. Co. of Columbus, Ohio v. Patterson*, 953 F.2d 44 (3d Cir. 1991), *Arnold v. Arnold Corp. – Printed Communications for Bus.*, 920 F.2d 1269 (6th Cir. 1990), *Armijo v. Prudential Ins. Co. of America*, 72 F.3d 793 (10th Cir. 1995), and *Farrand v. Lutheran Bhd.*, 993 F.2d 1253 (7th Cir. 1993) with *Seacoast Motors of Salisbury, Inc. v. Chrysler Corp.*, 143 F.3d 626, 628 (1st Cir. 1998), *In re Pisgah Contractors, Inc.*, 117 F.3d 133 (4th Cir. 1997), *Altman Nursing, Inc. v. Clay Capital Corp.*, 84 F.3d 769 (5th Cir. 1996), *Gammaro v. Thorp Consumer Disc. Co.*, 15 F.3d 93 (8th Cir. 1994), *McCarthy v. Providential Corp.*, 122 F.3d 1242

distinction between embedded and independent underlying actions).

We believe that the embeddedness test has no basis in the language of the statute, and that the reasons given for its adoption do not stand up to scrutiny. While embeddedness makes for a definitive test that is easy to apply, it denies appellate jurisdiction over cases where jurisdiction properly lies under the terms of the statute. Though both tests would arrive at the same conclusion in the present case, the embeddedness test would have improperly denied appellate jurisdiction in the *Arnold* and *Lodal* cases. This is because, as Judge Wood put the point in her *Napleton* dissent, the embeddedness test "constru[es] the FAA as creating an implied exception to § 1291, in the face of language in the FAA that expressly disclaims such a result." *Napleton*, 138 F.3d at 1217 (Wood, J., dissenting); *see also Green Tree*, 531 U.S. at 88 ("Certainly the plain language of the statutory text does not suggest that Congress intended to incorporate the rather complex independent/embedded distinction, and its consequences for finality, into § 16(a)(3)."). The embeddedness test may also shorten the path to arbitration by more drastically curtailing immediate recourse to the courts of appeals. However, appellate courts should not restrict their own jurisdiction in order to serve the statute's general purpose of promoting arbitration when the specific language of the governing statute dictates otherwise.

Proponents also argue that adopting an embeddedness rule would be more efficient with court resources since it would prevent the appeal of cases like *Lodal*, where an affirmance of the district court's deferral to arbitration is predestined--but only after a full-blown appeal. This argument assumes that district courts will not choose carefully between issuing stays and dismissals in such cases. Moreover, the savings to the courts are dwarfed by the savings to the parties of not appealing such cases. There is little reason to think that future parties will appeal dismissals ordered in deference to arbitration when they are highly unlikely to prevail. Parties

proceeding, so that nothing remains for the district court to do, thus making its judgment final. ATAC points to a Third Circuit opinion that treated an appeal from a dismissal deferring to arbitration as one from a final order, because the district court's dismissal "plainly signifie[d]" to it that the "arbitration [wa]s not a part of any ongoing proceeding." *Nationwide Ins.*, 953 F.2d at 46. Like the stay order at issue here, the order in *Nationwide* had the practical effect of requiring the parties to submit their dispute to arbitration. Still, the Third Circuit's opinion did not turn on the practical effect of the district court's order. Rather, as in *Arnold*, the court in *Nationwide* relied on the fact that the action was *dismissed* rather than stayed, effectively denying the declaratory relief prayed for by both parties, clearly making the judgment final. *Ibid*. Even if ATAC's analogy to the *Nationwide* case were correct, and the order staying and closing this case below "plainly signified" to this court that the arbitration at issue here is not part of any ongoing proceeding, it would not matter. This circuit has not adopted a test for appealability that hinges on the practical effect of a district court's order, and it will not do so now. The *Arnold* court spelled out this circuit's test for adjudging a "final decision with respect to an arbitration," and no such decision issued below in this case.

V

The *Arnold* court adopted a final judgment test that eschewed the distinction between embedded and independent actions without much discussion of that distinction. Because several other circuits have since adopted the embeddedness test, *see supra*, n.1, it behooves us here to offer a more robust defense of this court's approach. If for no other reason, explanation of this court's test may prevent the *Arnold* decision from being inadvertently ignored in the future, as has apparently happened to an analogous Seventh Circuit case. *See Farrand*, 993 F.2d at 1253; *Napleton*, 138 F.3d at 1213 n.5 (disregarding *Farrand* because it did not discuss the

have looked to the nature of the underlying action to assess jurisdiction. In those circuits, where an order to stay pending arbitration has been entered in an "embedded" proceeding (where "issues other than the propriety of arbitration are raised or relief other than a determination as to the arbitrability of the dispute is sought"), that order has been considered interlocutory and unreviewable. *Seacoast Motors of Salisbury, Inc. v. Chrysler Corp.*, 143 F.3d 626, 628 (1st Cir. 1998), citing *Adair Bus Sales v. Blue Bird Corp.*, 25 F.3d 953, 955 (10th Cir. 1994). Where such an order instead has been entered in an "independent" proceeding (where arbitrability was the only issue below or compelled arbitration was the only relief sought), the order has been deemed final and reviewable. *See Napleton v. General Motors Corp.*, 138 F.3d 1209, 1212 (7th Cir. 1998); *American Casualty Co. of Reading Penn. v. L-J Inc.*, 35 F.3d 133, 136 (4th Cir. 1994). In these latter jurisdictions, because the proceeding below in the instant case was clearly an embedded one, the stay order would be deemed interlocutory and therefore unreviewable.

However, the Sixth Circuit has followed a different approach, under which an order deferring to arbitration can be appealable, even in an embedded proceeding, as long as it is a final order. *See Arnold v. Arnold Corp. – Printed Communications for Bus.*, 920 F.2d 1269 (6th Cir. 1990). The *Arnold* court determined that:

> [t]he legislative history of section [16] rejects the prior distinction made between orders brought solely to compel specific performance of an agreement to arbitrate and orders granting or denying requests to compel arbitration entered into . . . in an ongoing action for legal relief on the underlying claims. We find nothing in the legislative history of section [16] or in the statute which states that the district court may not make a final order

_____

(9th Cir. 1997), *Thomson McKinnon Sec., Inc. v. Salter*, 873 F.2d 1397 (11th Cir. 1989), and *Napleton v. General Motors Corp.*, 138 F.3d 1209, 1212 (7th Cir. 1998) .

ordering arbitration in the course of a lawsuit brought to obtain legal relief.[2]

*Arnold*, 920 F.2d at 1276 (footnote and citation omitted). While not referring to the term "embeddedness" in so many words, the *Arnold* court in fact rejected the approach of those circuits where appellate jurisdiction turns on the distinction between embedded and independent district court proceedings. The *Arnold* court even explicitly repudiated an Eleventh Circuit opinion that relied on the distinction. *See Arnold*, 920 F.2d at 1276 n.6 (declining to follow *Thomson McKinnon Sec.*, 873 F.2d at 1399). Instead of looking to the nature of the underlying *action*, this circuit looks directly to the nature of the underlying *order*.

Originally, the district court in *Arnold* had granted a motion to compel arbitration, but failed to rule on a motion to stay the proceedings pending such arbitration. Under those circumstances, this court found it difficult to determine whether the order to compel arbitration was final or interlocutory, and so we vacated the district court's judgment and remanded it for clarification. *See Arnold v. Arnold Corp. – Printed Communications for Bus.*, 860 F.2d 1078 (6th Cir. 1988). On remand, the district court entered an order of clarification that granted the motion to compel arbitration again, *dismissed* the appellant's complaint in deference to that arbitration, and directed that final judgment be entered. (In case questions of finality or appealability again emerged upon appeal, the district court also certified its order for immediate appeal under § 1292(b)). Other remaining motions were denied as moot, including the motion by the appellees for a stay pending arbitration. On a second appeal before this court, the appellees moved for dismissal of the appeal on the grounds that the district court's order to dismiss in effect stayed further action in the case pending completion of

appellate review of the arbitrability issue.[5] *Cf. Filanto, S.p.A.*, 984 F.2d at 61 n.3 ("Had the complaint been dismissed [rather than stayed], it is arguable that an appeal would be immediately available . . . ." (dicta)).

The district court order under review here did not enter a final judgment in this case. ATAC argues that a perpetual stay coupled with the closing of the case below is no different in effect than a dismissal with entry of final judgment. We disagree. As we have now clarified, a stay differs most immediately from a dismissal under 9 U.S.C. § 16 in that a stay is unappealable. In addition, the entry of a stay order as opposed to a dismissal order, even coupled with closing the case, suggests that the district court perceives that it might have more to do than execute the judgment once arbitration has been completed. For instance, should the arbitrator conclude that some or all of ATAC's claims are *not* subject to arbitration (perhaps because ATAC proves fraud in the inducement of the arbitration clause), those claims could be litigated following arbitration. Even if the district court has nothing left to do unless and until one of the parties moves to reopen the case after arbitration, that does not make a stay and a dismissal equivalent. ATAC asserts that an order entering a stay and closing the case is equivalent to a dismissal, because a party can just as easily move to reopen a *dismissed* case under Fed. R. Civ. P. 60(b) as it can reopen a stayed and closed case that the court has explicitly indicated is subject to being reopened. However, a Rule 60(b) motion to reopen is governed by different and more difficult standards and procedures than those that would apply to a reopening of this case as stayed by the district court's order.

Alternatively, ATAC contends that the closing of its case below signifies that the arbitration is not part of any ongoing

---

[2] Two sections were enacted in 1988 as section number 15. A 1990 amendment separated them, renumbering this part of the prior section as the new section 16. Practice Commentary to 9 U.S.C.A. § 15.

---

[5] *See Green Tree*, 531 U.S. at 89. ("[W]here . . . the district court has ordered the parties to proceed to arbitration, and dismissed all the claims before it, that decision is 'final' within the meaning of § 16(a)(3), and therefore appealable.")

one portion of the judgment did the district court enter a stay of *enforcement* of the judgment pending further arbitration of the disputed issue. On appeal of that order, this court held that "the 'stay of proceedings' appears interlocutory, but, in essence, it is [a] final order staying the enforcement of a judgment . . . ." *Id.* at 1037. Arbitration has yet to take place in the instant case. The stay at issue here is actually interlocutory and not just apparently so. The exception carved out in *Erwin Behr* for a post-judgment stay cannot be construed to cover the stay in the instant case, and the language of that opinion itself underscores the fact that "a stay of proceedings is generally considered interlocutory." *Id.* at 1036.

*Erwin Behr* aside, ATAC has directed this court to no case in which a stay order deferring to arbitration was deemed a final judgment subject to appeal. The one other decision of this court that ATAC refers to is an unpublished opinion where we found jurisdiction over an appeal from a district court order granting summary judgment and compelling arbitration. *See Drexel Burnham Lambert, Inc. v. Mancino*, No. 91-3213, 1991 WL 270809 at \*\*1 (6th Cir. Dec. 19, 1991). But like a dismissal in deference to arbitration, a summary judgment order compelling arbitration is clearly a final order as defined in *Arnold*. Both orders indicate a final decision on the arbitrability issue and leave nothing more for the court to do. Likewise, though the issue was not raised therein, there was no problem with appellate jurisdiction in our unpublished case of *Lodal, Inc. v. Home Ins. Co. of Ill.*, No. 95-2187, 1998 WL 393766 at \*\*1 (6th Cir. June 12, 1998). The district court in that case had dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted, a frequent procedure for dismissal when a court finds that the issues before it are subject to a prior agreement to arbitrate. *See Lodal, Inc.*, 1998 WL 393766 at \*\* 7. Under *Arnold*, the district court's dismissal in *Lodal* was a final judgment that allowed

arbitration. This court denied that motion and found jurisdiction to hear the appeal, construing the legislative history of § 16 to define a final order as "one which *dismisses* 'an action in deference to arbitration' and enters a final judgment." *Arnold*, 920 F.2d at 1275 (emphasis added). Thus, because the *Arnold* court did not read the statute to preclude the district court from making a final order ordering arbitration even in an embedded proceeding, it upheld this court's jurisdiction once it satisfied itself that the order to dismiss was a final order.

### III

After oral argument in this case, the Supreme Court handed down its decision in *Green Tree Financial Corp. – Alabama v. Randolph*, 531 U.S. 79, 87 n.2 (2000), which declined to attach significance to the embedded/independent proceeding distinction in the context of a case similar to *Arnold*. *Green Tree* involved a district court decision dismissing a claim by a debtor against a lender. The district court granted the lender's motion to compel arbitration, and dismissed the claim with prejudice. *Randolph v. Green Tree Fin. Corp.*, 991 F. Supp. 1410 (M.D. Ala. 1997). The court of appeals held the decision to be appealable, and ruled for the plaintiff on the merits. *Randolph v. Green Tree Fin. Corp.*, 178 F.3d 1149 (11th Cir. 1999). The Supreme Court agreed that the decision was appealable, but reversed on the merits. In affirming the court of appeals on the appealability issue, the Supreme Court firmly rejected the embeddedness test even though it noted that most circuits had adopted that test. *Green Tree*, 531 U.S. at 88 n.3. The Court cited *Arnold* with approval for relying on the "final decision" standard alone. *Ibid.* The Court emphasized that the test for appealability was whether a district court's ruling was "a final decision." *Green Tree*, 531 U.S. at 88-89.

The Supreme Court's intervening decision lends support to, but does not compel, our decision to dismiss this appeal for lack of jurisdiction. After *Green Tree*, we could no longer,

even if circuit precedent did not preclude it, rely on the "embeddedness" theory to deny jurisdiction. The question remains, however, whether the district court's stay order in this case constitutes a "final decision," which the Supreme Court enunciated as the ultimate standard. In *Green Tree* itself, the order dismissing the claim with prejudice was clearly final. As we explain below, the order here, staying the proceedings subject to reopening, was not a final decision.

## IV

*Arnold* does not compel this court to find jurisdiction here. Although *Arnold* holds that § 16 does not *preclude* the district court from making a final order in an embedded proceeding, it does not follow that every order deferring to arbitration must be interpreted as a final order. Were that the case, the statutory provision permitting an appeal when a district court certifies an order for interlocutory appellate review would be superfluous. Moreover, no remand for clarification of the district court's order would have been necessary in *Arnold* itself if this court would have had jurisdiction over the appeal of the order to compel arbitration regardless of whether the district court had dismissed the action or stayed it. The purpose of the remand for clarification in *Arnold* was mainly to determine the exact import of the district court's order and its impact on this court's jurisdiction. Had the district court granted the motion to stay upon remand in that case, this court would have had to dismiss the ensuing appeal for lack of appellate jurisdiction.[3] *Arnold* essentially instructs district courts that an appeal of an arbitrability determination will only be possible once a final judgment has been entered, and that we will determine whether a court order is a "final

decision with respect to an arbitration" based on the same way that 28 U.S.C. § 1291 uses the term "final."[4]

When we apply the definition set forth in *Arnold* as endorsed by *Green Tree*, we hold that the stay order issued here was interlocutory rather than final in nature, and therefore that it is not appealable. In *Arnold*, the district court below had denied as moot a motion to stay, dismissed the complaint, and ordered that final judgment be entered. Here, rather than dismiss the complaint, the district court below stayed the proceedings and closed the case subject to reopening. Thus, the order at issue in the instant case neither dismissed the action in deference to arbitration, nor entered final judgment. The denial of a stay (as in *Arnold*) and the grant of a stay (as occurred here) are not the same. Indeed, the *Arnold* court stated that § 16 came about in part to put an end to the appellate courts' practice of "treating interlocutory orders granting arbitration and denying arbitration exactly the same for appealability purposes." *Arnold*, 920 F.2d at 1274. Just as the *Arnold* court declined to interpret a dismissal at the district court level as an order in effect staying further action pending completion of arbitration, so too we decline to interpret a stay in the court below as an order in effect dismissing the case.

ATAC argues that this circuit has at least once found an order granting a stay pending arbitration to be a final decision. However, the circumstances were far different in that case, and it is truly the exception that proves the rule. *See M & C Corp. v. Erwin Behr GmbH & Co.*, 143 F.3d 1033 (6th Cir. 1998). The order granting the stay in that case was a post-judgment order after arbitration was completed and confirmed, and after the judgment was entered and affirmed on appeal. Only when a dispute arose over how to calculate

---

[3] In *Green Tree*, the Supreme Court stated: "Had the district court entered a stay instead of a dismissal in this case, that order would not be appealable." *Green Tree*, 531 U.S. at 87 n.2.

[4] "[T]he term 'final decision' has a well-developed and longstanding meaning. It is a decision that 'ends litigation on the merits and leaves nothing more for the court to do but execute the judgment.'" (citations and internal quotation omitted). *Green Tree*, 531 U.S. at 86.