United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 26, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-31184

SOUTH LOUISIANA CEMENT, INC.,

Plaintiff-Counter Defendant-Appellant,

VERSUS

VAN AALST BULK HANDLING, B.V.,

Defendant-Appellee,
and

PBC SERVICES, INC.,

Defendant-Counter Claimant-Appellee.

Appeal from the United States District Court
For the Middle District of Louisiana

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

DeMoss, Circuit Judge:

This is an appeal from the district court's order sending all the claims and counterclaims in this litigation to arbitration, including the counterclaims of a non-signatory to the arbitration agreement who wanted to participant in the arbitration. The district court has not dismissed the case but rather stayed the proceedings pending the arbitration and administratively closed the case. We hold that because the district court ordered arbitration

and there is no final decision, the orders are not immediately appealable and therefore this Court lacks jurisdiction.

## BACKGROUND

This case arises out of the business relationships between Plaintiff-Counter Defendant-Appellant South Louisiana Cement, Inc. (hereafter "SLC"), Defendant-Counter Claimant-Appellee PBC Services, Inc. (hereafter "PBC"), and Defendant-Appellee Van Aalst Bulk Handling, B.V. (hereafter "Van Aalst").

PBC is a Louisiana corporation based in Houma, Louisiana. The principal business of PBC is the leasing and operating of equipment to unload bulk cargo from vessels, particularly bulk cement. SLC is also a Louisiana corporation based in Port Allen, Louisiana. PBC and SLC have a business relationship going back several years. In 2001, the two corporations had an oral agreement under which PBC would provide the equipment and labor to unload bulk cement from vessels for SLC. For these services, SLC would pay a price per ton unloaded and would also guarantee a certain amount of work to be performed by PBC, expressed in a minimum of tons of bulk cement. In 2002, the two corporations entered into a written contract which, inter alia, required PBC to assist SLC in purchasing its own bulk cargo unloading equipment ("units") from Van Aalst and to operate, and provide labor, fuel, repairs, and maintenance for, SLC's purchased equipment. The written contract provided that SLC would pay PBC at the rate of $200,000 per annum per unit (based on

2

100,000 tons per annum at $2.00 per ton). If the tonnage were to exceed 200,000 combined from both units, then SLC would compensate PBC at $2.00 per ton for the tons in excess of 200,000.

Van Aalst is a limited liability company of the Netherlands. Van Aalst is a part owner of PBC. In 2002, SLC and Van Aalst entered into two contracts for the purchase of two used pneumatic ship unloaders. The contracts provided for a limited warranty on certain components of the unloaders for a period of 12 months commencing after delivery. Both contracts also contained an express arbitration agreement which covered "any dispute . . . arising out of or related to" the contract. The unloaders allegedly began experiencing mechanical problems shortly after SLC put them into service. Relations between SLC and Van Aalst and SLC and PBC deteriorated rapidly from that point. Litigation and this appeal ensued.

The litigation began in the United States District Court for the Eastern District of Louisiana on December 6, 2002. PBC filed suit against SLC alleging that SLC had breached an oral agreement to provide the minimum guaranteed tonnage agreed to between the parties and also alleged that SLC had breached its written contract to pay PBC as specified in the 2002 contract. In its answer to PBC's amended complaint, SLC requested the Eastern District to abstain from ruling on the nonpayment claim, asserting that some of the unpaid invoices were the subject of a subsequently filed state court suit. SLC filed that related suit on April 2, 2002, in state

3

court in Baton Rouge against co-defendant Van Aalst for breach of a warranty (pertaining to the bulk offloading equipment bought by SLC from Van Aalst) and, in the alternative, against PBC for failure to maintain and repair the unloaders. The suit was removed to the United States District Court for the Middle District of Louisiana on June 4, 2003. In its answer, Van Aalst asserted the defense that the failure of the unloaders was due to improper maintenance, thus implicating the 2002 contract between PBC and SLC. On October 6, 2003, PBC filed an answer and counterclaim in the Middle District litigation asserting an affirmative defense of set off against monies owed by SLC and asserting counterclaims for SLC's failure to meet the minimum-tonnage guarantee and failure to make payments due. PBC voluntarily dismissed its action in the Eastern District on the grounds that it had asserted the same claims in the Middle District by counterclaim and that all claims arising from the business relationship of the three parties would, therefore, be pending before one court.

Previously, on August 15, 2003, Van Aalst had filed a motion to compel arbitration and a stay of litigation pending arbitration. On November 5, 2003, the Middle District granted the motion and ruled that all the claims filed in the underlying litigation, including PBC's counterclaim, would be referred to arbitration. The ruling administratively closed the case pending a final arbitration decision. This appeal by SLC followed by Notice of Appeal filed on December 3, 2003.

4

## DISCUSSION

**I. Whether the district court's orders constitute a final decision immediately appealable under 9 U.S.C. § 16.**

The district court on November 5, 2003, granted Van Aalst's motion to compel arbitration and to stay the litigation pending arbitration and ordered that all claims including SLC's original claims and PBC's counterclaims should be arbitrated.[1]  The court also denied SLC's motion to transfer PBC's counterclaim to the Eastern District and held that it was in the interest of justice and judicial economy to allow all the claims to be litigated at the same time in the Middle District.  The court ordered the case "administratively closed pending a final arbitration decision." Apparently, SLC attempted to continue discovery in the Middle District; and therefore on December 2, 2003, the court clarified that:

> This case was administratively closed on November 5, 2003[,] because the Court granted a motion to compel arbitration.  The case will remain closed until the arbitrator's decision is received by the Court.
> All pending motions, including discovery motions, are stayed pending completion of the arbitration process.
> The Clerk will not accept any additional pleadings until the arbitrator's decision is received by the Court.

No separate document embodying the orders has been entered as a final judgment.

Section 16 of the Federal Arbitration Act ("FAA"), 9 U.S.C.

---

[1] As amended on November 6, 2003.  This amendment corrected language concerning the party that brought counterclaims, PBC.

5

§ 16, governs appellate review of arbitration orders. Congress's intent in enacting § 16 was to favor arbitration, and it did so by authorizing immediate appeals from orders disfavoring arbitration and forbidding immediate appeals from orders favoring arbitration. Adams v. Ga. Gulf Corp., 237 F.3d 538, 540 (5th Cir. 2001) (citing Forsythe Int'l, S.A. v. Gibbs Oil Co., 915 F.2d 1017, 1020 (5th Cir. 1990)). The provisions relevant to this dispute vest the courts of appeals with jurisdiction over "final decision[s] with respect to an arbitration," 9 U.S.C. § 16(a)(3), while specifically denying appellate jurisdiction over nonfinal orders staying proceedings pending arbitration, id. § 16(b)(1). Therefore, this Court's jurisdiction turns on whether the district court's orders constitute a final decision.

A final decision is one that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 86 (2000) (citations and internal quotation marks omitted). Under this definition, a dismissal is a final decision. Id. at 89. An arbitration order entering a stay, as opposed to a dismissal, is not an appealable final order. Apache Bohai Corp., LDC v. Texaco China, B.V., 330 F.3d 307, 309 (5th Cir. 2003); Cargill Ferrous Int'l v. SEA PHOENIX MV, 325 F.3d 695, 701-02 (5th Cir. 2003); see also Green Tree, 531 U.S. at 87 n.2 ("Had the District Court entered a stay instead of a dismissal in this case, that order would not be appealable."); Saturn Distrib. Corp. v. Paramount

6

<u>Saturn, Ltd.</u>, 326 F.3d 684, 686-87 (5th Cir. 2003) (finding the district court order to be a final decision, in part because it was not accompanied by a stay of proceedings).

Here, the district court did not dismiss the claims but "administratively closed" the case and entered a stay pending arbitration. SLC contends that when a district court enters an order "administratively" closing and then staying an action and referring all disputed matters to arbitration, leaving no live issues before the district court, this Court should consider the order or orders to be, in effect, a <u>de</u> <u>facto</u> dismissal and thus a final decision appealable under § 16(a)(3).

SLC cites <u>Green Tree</u> in support of its argument that this Court has jurisdiction to hear its appeal. SLC argues that the orders in this case end the litigation on the merits and leave nothing more for the court to do but execute the judgment after arbitration and therefore can be considered a final decision reviewable by this Court. In fact, SLC argues that once arbitration is complete, SLC will have no recourse and will be stuck with whatever the arbitrator decides.[2] In <u>Green Tree</u>, however, the district court had not only compelled arbitration but

_____

[2] SLC's argument is incorrect insofar as after the arbitration has concluded, SLC should have whatever appeals are available under the FAA, such as the right to appeal whether PBC's counterclaims should have been arbitrated, assuming the arbitrator ultimately decides those claims. Likewise, the December 2, 2003, order of the district court indicates the district court was under the impression there may be additional matters for it to decide once the arbitration is concluded.

7

had also dismissed the underlying claims. 531 U.S. at 83. Further, the Supreme Court noted that had the district court entered a stay rather than a dismissal, the order would have been unappealable. Id. at 87 n.2. Thus, even where dismissal is appropriate, i.e., all claims have been referred to arbitration, the entry of a stay rather than a dismissal bars appellate jurisdiction. Apache Bohai Corp., 330 F.3d at 309.

Here, the district court specifically stayed the proceedings in its December 2, 2003, order; and it appears the December 2, 2003, order was an attempt to clarify any misunderstanding caused by its November orders that "administratively closed the case pending a final arbitration decision."

SLC also cites American Heritage Life Insurance Co. v. Orr, 294 F.3d 702, 708 (5th Cir. 2002), in which a panel of this Circuit found appellate jurisdiction despite the absence of a dismissal. In American Heritage, this Court held that an order compelling arbitration and ordering the case "CLOSED" was a reviewable final decision. Id.; but see ATAC Corp. v. Arthur Treacher's, Inc., 280 F.3d 1091, 1099 (6th Cir. 2002) (holding that an order to compel arbitration, stay, and close proceedings is not an appealable final decision). The district court in American Heritage had issued an order staying state court proceedings, compelling arbitration, and closing the case, leaving nothing to do but execute the judgment. 294 F.3d at 708. In that context, this Court held that "closing" the case was functionally

8

indistinguishable from dismissal.  Id. ("[T]here is no practical distinction between 'dismiss' and 'close' for purposes of this appeal.").[3]

This Circuit, however, has held post-American Heritage that unlike a dismissal a stay, by definition, constitutes a postponement of proceedings, not a termination, and thus lacks finality.  Apache Bohai Corp., 330 F.3d at 309.  "Further, as other courts have noted, entry of a stay rather than a dismissal 'suggests that the district court perceives that it might have more to do than execute the judgment once arbitration has been completed.'"  Id. (quoting ATAC Corp., 280 F.3d at 1099). Consequently, although it may be true that in some instances the entry of a stay disposes of most or all issues in a case, that fact alone does not render it the functional equivalent of a dismissal. Id.[4]

---

[3] In a concurring opinion, Judge Dennis noted that it is common for district courts to retain jurisdiction pending arbitration but this creates an administrative problem because the case is likely to be dormant for a long time.  294 F.3d at 714-715 (Dennis, J., concurring).  Administratively closing a case solves this problem by "providing a vehicle for the district court to remove the case from its active files without making any final adjudication; [t]hus, the administrative closure reflects nothing more than the federal courts' overarching concern with tidy dockets; it has no jurisdictional significance."  Id. at 715 (Dennis, J., concurring) (citing Lehman v. Revolution Portfolio, LLC, 166 F.3d 389, 392 (1st Cir. 1999)).

[4] The Apache Bohai court did note that in its case, "by contrast, the court did not purport to close the case administratively, nor did it attempt in any other way to terminate its involvement in the proceedings."  330 F.3d at 310.

Here, there is no indication that the district court intended to dismiss the case but simply failed to do so through an oversight. See Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co., 304 F.3d 476, 483 (5th Cir. 2002) (recognizing that "the intention, as well as the effect [of the order], was to dismiss [the action]" and therefore finding the case reviewable as an immediate appeal). Rather, here the court entered an order expressly granting a stay of the proceedings pending arbitration and indicated motions, discovery, and additional pleadings would be accepted after the court received the arbitrator's decision, but in the meantime the case was "administratively closed." See Corion Corp. v. Chen, 964 F.2d 55, 56 (1st Cir. 1992) (finding that although the district court had ordered a case "administratively closed" there was no final decision and therefore the order compelling arbitration was not immediately appealable).

Accordingly, we hold that administratively closing a case is not a dismissal or final decision. Likewise, based on the language of the district court's orders in this case, there has not been a final decision by the district court. Because the district court ordered arbitration, according to 9 U.S.C. § 16, the orders are not reviewable by this Court in this immediate appeal. Therefore, this Court lacks jurisdiction and the appeal must be dismissed.

## CONCLUSION

Having carefully reviewed the record of this case, the

10

parties' respective briefing and arguments, for the reasons set forth above this Court lacks jurisdiction to hear this appeal and therefore dismisses the appeal.

**DISMISSED.**