**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DOUGLAS DEES,
　　　　　　*Plaintiff-Appellant,*

v.

HELMUTH T. BILLY, M.D.; GREGORY
E. GINN, M.D.,
　　　　　　*Defendants-Appellees.*

No. 03-16004

D.C. No.
CV-02-00303-HDM

OPINION

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Argued and Submitted
December 9, 2004—San Francisco, California

Filed January 19, 2005

Before: Diarmuid F. O'Scannlain, Robert E. Cowen,* and
Carlos T. Bea, Circuit Judges.

Opinion by Judge O'Scannlain

---

*The Honorable Robert E. Cowen, Senior United States Circuit Judge
for the Third Circuit, sitting by designation.

## COUNSEL

W. Ruel Walker, Oakland, California, argued the cause for the appellant; Carl M. Hebert, Reno, Nevada, was on the briefs.

Denise H. Greer, Schmid & Voiles, Los Angeles, California, argued the cause for the appellees; Patricia Egan Daehnke,

Bonne, Bridges, Mueller, O'Keefe & Nichols, Las Vegas, Nevada, was on the brief.

## OPINION

O'SCANNLAIN, Circuit Judge:

We must decide whether we have jurisdiction to review a district court order that stayed the plaintiff's medical malpractice action, compelled arbitration, and administratively closed the case.

## I

In February 1998, Douglas Dees was diagnosed by his family physician as suffering from elevated blood calcium levels and was referred to Drs. Helmuth Billy and Gregory Ginn ("Doctors") for treatment. During his first visit to the Doctors' office, Dees signed a one-page "Physician-Patient Arbitration Agreement," which provides that the parties will resolve any medical malpractice disputes through arbitration.[1] Dees claims that he was required to sign the agreement before seeing the Doctors and that the office staff did not explain the terms of the agreement to him.

In August 1998, the Doctors operated on Dees in an effort to alleviate his persistent disorder. Dees claims that his left phrenic nerve was negligently severed during the procedure,

---

[1] The arbitration clause states:

It is understood that any dispute as to medical malpractice, that is as to whether any medical services rendered under this contract were unnecessary or unauthorized or were improperly, negligently, or incompetently rendered, will be determined by submission to arbitration as provided by California law, and not by a lawsuit or resort to court process except as California law provides for judicial review of arbitration proceedings.

which resulted in the paralysis of his left lung, and he subsequently filed a complaint against the Doctors with the Nevada Medical-Legal Screening Panel. The Panel concluded that there was a "reasonable probability" that Dees had been injured by Dr. Billy's negligence,[2] and in May 2002, Dees filed a malpractice action against Dr. Billy in Nevada state court. Dees also named Dr. Ginn, who was Dr. Billy's employer, as a defendant on a respondeat superior theory.

The Doctors removed the case to the United States District Court for the District of Nevada on the basis of diversity of citizenship, and, invoking the Physician-Patient Arbitration Agreement, they petitioned the district court for an order compelling arbitration. In opposition to the Doctors' motion, Dees argued that the arbitration agreement was unenforceable because it was both unconscionable and a contract of adhesion under Nevada law. The matter was referred to a magistrate judge, who concluded that the agreement was valid and that the case should be submitted to arbitration. The district court affirmed the magistrate judge's decision and issued an order that stayed the action, compelled arbitration, and administratively closed the case.[3] Dees filed a timely notice of appeal.

II

Dees argues that he is entitled to pursue his malpractice claim in a judicial forum because the Physician-Patient Arbitration Agreement is unconscionable and a contract of adhesion. Before we address the merits of Dees's appeal, however, we must resolve whether we have jurisdiction to review the district court's order.

___

[2]Nevada Revised Statutes 41A.016(1) formerly required a plaintiff to submit a malpractice claim to a screening panel before filing suit. This provision was repealed in 2002.

[3]The order stated, "The defendants' motion to stay the action and compel arbitration is granted. The action is stayed pending completion of arbitration and shall be administratively closed."

A

The Federal Arbitration Act ("FAA") "represents Congress's intent to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Bushley v. Credit Suisse First Boston*, 360 F.3d 1149, 1153 (9th Cir. 2004) (internal quotation marks omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23 (1983) (referring to the FAA's "statutory policy of rapid and unobstructed enforcement of arbitration agreements"). Because the FAA "endeavor[s] to . . . limit appeals from orders directing arbitration," *Bushley*, 360 F.3d at 1153 (internal quotation marks omitted; first alteration in original), a litigant may not appeal a district court's interlocutory order staying judicial proceedings or compelling parties to arbitrate a dispute, *see* 9 U.S.C. § 16(b)(1)-(2).[4] Notwithstanding the fact that the trial court stayed the action and compelled arbitration, Dees contends that we possess jurisdiction to hear this appeal under 9 U.S.C. § 16(a)(3), which provides that an "appeal may be taken from a final decision with respect to an arbitration."

[1] The Supreme Court has recently construed this section of the FAA. In *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79 (2000), the Court held that a "final decision" under 9 U.S.C. § 16(a)(3) is one that "ends the litigation on the merits and leaves nothing more for the court to do but

---

[4]This section of the FAA states:

> Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order—
>
> > (1)   granting a stay of any action under section 3 of this title;
> >
> > (2)   directing arbitration to proceed under section 4 of this title;
> >
> > . . . .

9 U.S.C. § 16(b)(1)-(2).

execute the judgment." *Id.* at 86 (internal quotation marks omitted). Pursuant to that definition, the Court held that appellate jurisdiction existed upon filing of a notice of appeal where a district court had granted a motion to compel arbitration and dismissed the action with prejudice. *Id*. The Court reasoned that the order "disposed of the entire case on the merits and left no part of it pending before" the district court. *Id.* The Court observed, however, that "[h]ad the District Court entered a stay instead of a dismissal in this case, that order would not be appealable." *Id.* at 87 n.2.

In *Bushley v. Credit Suisse First Boston*, 360 F.3d at 1153, we relied upon *Green Tree* to hold that appellate jurisdiction was absent in an appeal from an order in which the district court compelled arbitration of the plaintiff's claims but did not rule upon the defendant's motions to stay and to dismiss. We held that the plaintiff's action was "effectively stayed pending the conclusion" of the arbitration and that the "district court's order therefore is not final and appealable under § 16(a)(3)." *Id.*; *see also id.* at 1153 n.1 ("Courts should be aware that a dismissal renders an order appealable under § 16(a)(3), while the granting of a stay is an unappealable interlocutory order . . . ." (internal quotation marks omitted)). *Bushley* can be contrasted with *Interactive Flight Technologies, Inc. v. Swissair Swiss Air Transport Co.*, 249 F.3d 1177, 1179 (9th Cir. 2001), where we held that a district court order compelling arbitration and dismissing the action without prejudice was an appealable final decision.

B

Unlike in *Green Tree* and *Interactive Flight Technologies* —where the district courts' orders were held to be immediately appealable—the trial court here did not dismiss Dees's medical malpractice claim. Rather, as in *Bushley*—where we held that appellate jurisdiction was absent—the trial court stayed the action and compelled arbitration. In an effort to evade the seemingly inescapable implications of this prece-

dent, Dees contends that this order is nevertheless appealable because the trial court also directed that the case be administratively closed. Dees argues that such an order is the equivalent of a dismissal.

To support his expansive understanding of an administrative closing's implications, Dees relies primarily upon *American Heritage Life Insurance Co. v. Orr.* 294 F.3d 702 (5th Cir. 2002). There, commercial lenders that had been sued by consumers in state court filed a separate action in federal district court seeking an order compelling arbitration of the state court proceedings. *Id.* at 706. The district court issued an order that compelled arbitration and closed the case without dismissing it. *Id.* at 706-07. The Fifth Circuit held that this order was immediately appealable because there was "no practical distinction between 'dismiss' and 'close' for purposes of this appeal." *Id.* at 708. Because the only relief sought by the commercial lenders was an order compelling arbitration and staying the state court proceedings, the district court had nothing left to do but execute the judgment. *Id.* The decision was therefore final for purposes of § 16(a)(3). *See id.* ("where a district court with nothing before it but whether to compel arbitration and stay state court proceedings issues an order compelling arbitration, staying the underlying state court proceedings, and closing the case, thereby effectively ending the entire matter on its merits and leaving nothing more for the district court to do but execute the judgment, appellate jurisdiction lies, as the decision is 'final' within the contemplation of § 16(a)(3) of the FAA"); *see also Green Tree Fin. Corp.-Ala.*, 531 U.S. at 86 (a final decision is one that "leaves nothing more for the court to do but execute the judgment" (internal quotation marks omitted)).

Dees's reliance upon *American Heritage* is misplaced. Unlike the district court in that case, the trial court here had more before it than simply the issue of arbitrability. While the plaintiff in *American Heritage* sought only to obtain an order compelling arbitration, Dees initiated this suit to recover dam-

ages for medical malpractice, and that claim—although currently stayed—remains before the trial court.

Indeed, Judge Dennis's *American Heritage* concurrence clarifies that the court's appellate jurisdiction derived not from the fact that the district court had closed the case but from the fact that the district court had entered a final decision by compelling arbitration in an action brought solely for that purpose. *See Am. Heritage Life Ins. Co.*, 294 F.3d at 716 (Dennis, J., concurring). Judge Dennis emphasized that "[i]n proceedings where the litigants place more than the issue of arbitrability before the district court, an order compelling arbitration and closing the case is not equivalent to a final judgment of dismissal." *Id.* at 715 n.9; *see also id.* at 715 ("the administrative closure . . . has no jurisdictional significance").

**[2]** Judge Dennis's understanding of the *American Heritage* holding has been borne out by later Fifth Circuit decisions that unambiguously conclude that an administrative closing does not create appellate jurisdiction. In *South Louisiana Cement, Inc. v. Van Aalst Bulk Handling, B.V.*, 383 F.3d 297, 302 (5th Cir. 2004), the Fifth Circuit held that it lacked appellate jurisdiction in a case that is procedurally identical to Dees's appeal. There, the district court issued an order compelling arbitration, staying the litigation, and administratively closing the case. *Id.* at 299-300. The Fifth Circuit held that an "arbitration order entering a stay, as opposed to a dismissal, is not an appealable final order," and explained that "administratively closing a case is not a dismissal or final decision." *Id.* at 300, 302.

The same result inured in *Mire v. Full Spectrum Lending Inc.*, where the Fifth Circuit again concluded that it lacked appellate jurisdiction over a district court order that stayed proceedings pending arbitration and administratively closed the case. 389 F.3d 163, 167 (5th Cir. 2004). The court emphasized that the "effect of an administrative closure is no differ-

ent from a simple stay, except that it affects the count of active cases pending on the court's docket; *i.e.*, administratively closed cases are not counted as active. . . . That situation is the functional equivalent of a stay, not a dismissal, and is thus not an appealable order under the FAA." *Id.*

C

**[3]** Although we have yet to address the jurisdictional effects of a district court order administratively closing a case, those circuits that have confronted the issue have unanimously echoed the Fifth Circuit's conclusion that an administrative closing has no jurisdictional effect. In *ATAC Corp. v. Arthur Treacher's, Inc.*, 280 F.3d 1091, 1099 (6th Cir. 2002), for example, the Sixth Circuit held that it lacked appellate jurisdiction to review a district court order that stayed judicial proceedings pending arbitration and that directed closure of the case. *See also Penn West Assocs., Inc. v. Cohen*, 371 F.3d 118, 128 (3d Cir. 2004) ("an order merely directing that a case be marked closed constitutes an administrative closing that has no legal consequence other than to remove that case from the district court's active docket"); *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999) ("an administrative closing has no effect other than to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository"); *Fla. Ass'n for Retarded Citizens, Inc. v. Bush*, 246 F.3d 1296, 1298 (11th Cir. 2001) (per curiam) (endorsing the *Lehman* court's definition of an administrative closing).

**[4]** We see no reason to depart from this substantial body of persuasive precedent. We therefore hold that a district court order staying judicial proceedings and compelling arbitration is not appealable even if accompanied by an administrative closing. An order administratively closing a case is a docket management tool that has no jurisdictional effect. This conclusion comports with the results reached by our sister circuits and with the Supreme Court's observation in *Green Tree* that

it would have lacked appellate jurisdiction if the "District Court [had] entered a stay instead of a dismissal." *Green Tree Fin. Corp.-Ala.*, 531 U.S. at 87 n.2.

**[5]** Because the district court did not issue "a final decision with respect to an arbitration," 9 U.S.C. § 16(a)(3), we are without jurisdiction to review this interlocutory order.

**DISMISSED.**