*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
ELECTRONIC CITATION: 2001 FED App. 0373P (6th Cir.)
File Name: 01a0373p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

GUS "SKIP" DALEURE, JR.;
CHRISTINE LEAKE; BELINDA
MORRISON; PAUL DIXON
KUBALA; TINA OWEN; JESSE
CARL EMERT, SR.; JAMES B.
ADAMS, JR.; GAIL E.
ANDERSON, and the Proposed
Plaintiff Class,
      *Plaintiffs-Appellants/*
           *Cross-Appellees,*

        *v.*

COMMONWEALTH OF
KENTUCKY, et al. (00-5423),
      *Defendants-Appellees,*

JEFFERSON COUNTY FISCAL
COURT (00-5440); MCI
TELECOMMUNICATIONS
CORPORATION; WORLDCOM
TECHNOLOGIES, INC.
(00-5536); GRAYSON COUNTY
FISCAL COURT; BULLITT
COUNTY FISCAL COURT;
LARUE FISCAL COURT; FISCAL

Nos. 00-5423/
5440/5536/5538/
5539/5540/5541

2    *Daleure, et al. v.*
*Commonwealth of*
*Kentucky, et al.*

Nos. 00-5423/5440/
5536/5538/5539/5540/5541

COURT OF FRANKLIN
COUNTY, KENTUCKY;
OLDHAM COUNTY FISCAL
COURT, (00-5538); INVISION
TELECOM, INC.
(00-5539); GATEWAY
TECHNOLOGIES, INC.
(00-5540); SECURITY
TELECOM CORPORATION
(00-5541),
        *Defendants-Appellees/*
        *Cross-Appellants.*

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 97-00709—John G. Heyburn II, District Judge.

Argued:  August 9, 2001

Decided and Filed:  October 17, 2001

Before:  KEITH, KENNEDY, and BATCHELDER, Circuit
Judges.

_____

**COUNSEL**

**ARGUED:**   Michael  B.  Roney,  BART  ADAMS  &
ASSOCIATES, Louisville, Kentucky, for Plaintiffs. C. Kent
Hatfield,  MIDDLETON  REUTLINGER,  Louisville,
Kentucky, Stephanie A. Joyce, PATTON BOGGS LLP,
Washington, D.C., for Defendants.  **ON BRIEF:** F. Thomas
Conway,  WHITE,  CONWAY  &  ADAMS,  Louisville,

Nos. 00-5423/5440/
5536/5538/5539/5540/5541

*Daleure, et al. v.*    7
*Commonwealth of*
*Kentucky, et al.*

the district court fails adequately to explain its reasoning."
*General Acquisition*, 23 F.3d at 1030. Here, the district judge
did not even state that there was no just reason for delay,
much less explain his reasoning.  Plaintiffs' motion is equally
silent.

For the reasons stated in this opinion, we dismiss the appeal
and cross appeal.

6    *Daleure, et al. v.*          Nos. 00-5423/5440/
     *Commonwealth of*          5536/5538/5539/5540/5541
     *Kentucky, et al.*

held that "[t]he ruling on damages--with no ruling on liability--was obviously not a 'final' order conferring appellate jurisdiction on this court." *Id.*   For the sake of appellate jurisdiction, claims that "concern a single 'aggregate of operative facts' . . . constitute a single claim" rather than "multiple claims." *Id.* at 1028.

We further held that a "district court certifying an order under Rule 54(b) must *clearly explain* why it has concluded that immediate review of the challenged ruling is desirable." *Id.* at 1026 (emphasis added).

That same year, in *Pendleton Place Apartments*, we concluded *sua sponte* that we lacked appellate jurisdiction over claims which were not distinct, but rather, in the words of the district court, "'inextricably intertwined.'" *Pendleton Place Apartments*, 40 F.3d at 141-42 (vacating and dismissing appeal for lack of appellate jurisdiction under Rule 54(b)).

We are bound to dismiss the present appeal by *General Acquisition*'s definition of "multiple claims" as well as its emphasis on a "clear[] expla[nation]" of the need for an interlocutory appeal.  The judge's orders on the motions to dismiss in this case were not final orders because the plaintiff's various arguments are not separable claims, but rather different theories of damages for the same underlying injury.  All plaintiffs' claims have the same operative facts: excessive charges for collect calls from prisoners to persons outside the prison.  By its own terms, Rule 54(B) applies only to "multiple claims"; under *General Acquisition*, we have only one claim here as to each defendant, and thus a Rule 54(B) certificate of appealability is inappropriate.

While the dismissals of some defendants for lack of personal jurisdiction are final, the district judge patently failed clearly to explain the need for an interlocutory appeal:  he merely declared that his orders were subject to such an appeal. "A finding of no just reason for delay is subject to reversal if

---

Nos. 00-5423/5440/          *Daleure, et al. v.*    3
5536/5538/5539/5540/5541          *Commonwealth of*
                              *Kentucky, et al.*

Kentucky, Bart Adams, Louisville, Kentucky, for Plaintiffs. C. Kent Hatfield, Henry S. Alford, MIDDLETON REUTLINGER, Louisville, Kentucky, Stephanie A. Joyce, PATTON BOGGS LLP, Washington, D.C., Glenn B. Manishin, PATTON BOGGS LLP, McLean, Virginia, Gary E. Smith, GRAHAM, BRIGHT & SMITH, Dallas, Texas, Michael R. Morow, STEPHENSON, DALY, MOROW & KURNIK, Indianapolis, Indiana, Sean E. Holguin, OFFICE OF THE PIMA COUNTY ATTORNEY, Tucson, Arizona, Denise Garrison McElvein, OFFICE OF THE ATTORNEY GENERAL, St. Louis, Missouri, Erwin O. Switzer III, St. Louis, Missouri, David Whalin, Robert T. Watson, LANDRUM & SHOUSE, Louisville, Kentucky, Suzanne D. Cordery, ASSISTANT JEFFERSON COUNTY ATTORNEY, Louisville, Kentucky, Richard D. Porotsky, Jr., DINSMORE & SHOHL, Cincinnati, Ohio, John E. Selent, DINSMORE & SHOHL, Louisville, Kentucky, William H. Hollander, Michelle D. Wyrick, WYATT, TARRANT & COMBS, Louisville, Kentucky, for Defendants.

---

## OPINION

---

KENNEDY, Circuit Judge.  Plaintiffs, a class of relatives of prisoners incarcerated in Kentucky correctional facilities, sued the Commonwealth of Kentucky, the Kentucky Department of Corrections, the state of Missouri, several Kentucky, Missouri, Arizona, and Indiana municipal entities, and various private telephone providers alleging antitrust violations and excessive rates in connection with the provision of telephone services to inmates.  The plaintiffs alleged Sherman Act, Robinson-Patman Act, and Equal Protection violations.

All defendants moved to dismiss for summary judgment. Non-Kentucky governmental defendants moved to dismiss

for want of personal jurisdiction; the judge granted these motions. The Commonwealth of Kentucky and its Department of Corrections moved to dismiss based on the Eleventh Amendment; the judge granted these motions with prejudice. All of the defendants moved to dismiss the plaintiffs' Robinson-Patman Act claim on the ground that telephone services were not "goods" pursuant to the Act; the judge granted these motions with prejudice.

The Kentucky local government defendants moved for summary judgment as to the plaintiffs' Sherman Act claims under state action immunity; the judge did not grant this motion. The remaining defendants moved to dismiss under Rule 12(b)(6) the Sherman Act and Equal Protection claims. The judge applied the filed-rate doctrine and granted the motion with respect to the Sherman Act claims for monetary relief only. The judge granted the motion to dismiss the Equal Protection claim on the ground that the recipients of inmate calls were not similarly situated to other call recipients. Thus the claim for injunctive relief under the Sherman Act remains pending with the District Court. Plaintiffs appeal the dismissals of the non-Kentucky governmental defendants, their Equal Protection claim, their claim for monetary relief under the Sherman Act, and their claim for relief under the Robinson-Patman Act. The defendants cross-appeal the judge's failure to dismiss the Sherman Act claims for injunctive relief, and failure to dismiss based on governmental immunity.

Plaintiff, at the District Court's suggestion, moved to certify the orders of dismissal as "final and appealable." Although the motion does not refer to any rule, presumably it relies on Rule 54(B), which provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to

> one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The court's memorandum order recites only: "IT IS HEREBY ORDERED AND ADJUDGED THAT the Orders addressing the Defendants' Motions to Dismiss be and are hereby final and appealable." J.A. at 170.

While all parties seek to confer appellate jurisdiction, we must dismiss the appeal and cross appeal because we lack appellate jurisdiction. The district court has not entered final judgment on most claims, and could not, because it had not ruled on the injunctive aspects of the Sherman Act claims. In addition, its certification of appealability under Rule 54(b) did not contain the findings required under Sixth Circuit precedent. The district court merely declared its orders final and appealable, but under two of our cases, *General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022 (6th Cir. 1994), and *Justice v. Pendleton Place Apartments*, 40 F.3d 139 (6th 1994), such an order must balance the various interests in granting a certificate of appealability.

In *General Acquisition*, we fulfilled "our independent obligation to scrutinize the basis for appellate jurisdiction" in spite of the fact that "both parties [sought] to confer appellate jurisdiction upon this court." 23 F.3d at 1024. In that case, the district judge had ruled on the damages element of the plaintiffs' case, but not the liability element. *Id.* at 1025. We