Charles A. LOCK, Plaintiff–Appellant,

and

Safeco Insurance Co., Intervening Plaintiff–Appellant,

v.

UTICON, INC., Defendant–Appellee.

and

Javier Steel Corp., Third Party Defendant–Appellee.

Nos. 02–6147, 02–6215, 03–5013.

United States Court of Appeals, Sixth Circuit.

Feb. 25, 2004.

Walter E. Harding, Boehl, Stopher & Graves, Louisville, KY, for Intervenor–Appellant.

John A. Sheffer, Christopher T. Coburn, Sheffer & Sheffer, Louisville, KY, for Defendant–Appellee.

R. Gregg Hovious, John D. Dyche, Tachau, Maddox, Hovious & Dickens, Louisville, KY, for Plaintiff–Appellant.

Galen L. Clark, Ricketts & Travis, Louisville, KY, for Third party–Appellee.

Before BATCHELDER and GIBBONS, Circuit Judges; and COHN, District Judge.*

### ORDER

PER CURIAM.

On December 15, 2000, Charles A. Lock filed this diversity personal injury action against Uticon, Inc., Woerheide Enterprises, Inc., and Dave Turner in the United States District Court for the Western District of Kentucky. Uticon. Woerheide, and Turner filed third party complaints against Javier Steel Corporation. SAFECO Insurance Company filed an intervening complaint against Uticon. Woerheide, and Turner seeking reimbursement for money paid to Locke. The district court entered summary judgment in favor of defendant-appellant Uticon, Inc. and against plaintiff-appellant Charles A. Lock and intervening plaintiff-appellant SAFECO on July 1, 2002. On July 10, 2002, Lock and SAFECO filed a motion to alter or amend the judgment. By order entered August 19, 2002, the district court denied the motion.

Federal Rule of Civil Procedure 54(b) permits immediate review of a district court order in a multi-claim/multi-party action prior to the ultimate disposition of the case if two requirements are met. *General Acquisition, Inc. v. GenCorp., Inc.*, 23 F.3d 1022, 1026 (6th Cir.1994). First, "the district court must expressly 'direct the entry of final judgment as to one or more but fewer than all the claims or parties' in a case." *Id.* at 1026 (citing Fed.R.Civ.P. 54(b)). The district court satisfied this first factor by granting summary judgment to Uticon on Lock's claim of negligence and Safeco's claim of indemnity, and

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

then certified those issues to this Court pursuant to Rule 54(b). The court maintained Uticon's claim against third party defendant Javier Steel and intervening plaintiff SAFECO's claims against defendants Woerheide, Inc. and Turner.

Second, the district court must "'expressly determine that there is no just reason' to delay appellate review." *General Acquisition*, 23 F.3d at 1026 (citing Fed.R.Civ.P. 54(b)). This express determination requires the district court to weigh competing factors involved in the certificate decision and express that balancing in the certificate of appealability. *Daleure v. Kentucky*, 269 F.3d 540, 543 (6th Cir.2001); *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 61 (6th Cir.1986). It is not enough for the court to "just recite the 54(b) formula of 'no just reason for delay.'" *Solomon*, 782 F.2d at 61 (citation omitted).

The district court has not satisfied this second element because its certification of appealability under Rule 54(b) did not contain the "express determination" required by this Court's precedent. The district court's certification simply stated:

> IT IS HEREBY ORDERED AND ADJUDGED that pursuant to Rule 54(b), the claims of Plaintiff Charles A. Lock and Intervening Plaintiff SAFECO Insurance Company are dismissed with prejudice as against Uticon. Inc. This order of dismissal is final and appealable as to these claims and these parties, there is no just reason for delay, and the Clerk is directed to enter this Final Judgment.

This recitation of the 54(b) formula without an analysis of the competing factors provides insufficient justification for the district court's certification of the issues for appeal. Therefore, in accordance with our court's precedent, these appeals are dismissed.