**SIDNEY COAL COMPANY, INC., et al., Plaintiffs–Appellees,**

v.

**SOCIAL SECURITY ADMINISTRATION, Defendant,**

and

**Michael H. Holland, et al., Intervenor Defendants–Appellants.**

Nos. 02–6383, 02–6384.

United States Court of Appeals, Sixth Circuit.

April 1, 2004.

John R. Woodrum, W. Gregory Mott, Ogletree, Deakins, Nash, Smoak & Stewart, Washington, DC, H. Kent Hendrickson, Rice & Hendrickson, Harlan, KY, for Plaintiff–Appellee.

John T. Rich, Howard R. Rubin, Jeffrey D. Fox, Shea & Gardner, Stephen J. Pollak, Washington, DC, Linda J. Wallbaum, Sales, Tillman & Wallbaum, Louisville, KY, for Intervenors–Appellants.

Joseph L. Famularo, U.S. Attorney's Office, Lexington, KY, Jonathan H. Levy, Brian G. Kennedy, Richard G. Lepley, William Kanter, U.S. Department of Justice, Washington, DC, for Defendant–Appellant.

Before: BATCHELDER, SUHRHEINRICH and COLE, Circuit Judges.

## ORDER

BATCHELDER, Circuit Judge.

On March 2, 2001, A.T. Massey Coal Company and eight of its subsidiaries, including Sidney Coal Company, ("Massey") filed this lawsuit against the Social Security Administration ("SSA") in the United States District Court for the Eastern District of Kentucky, challenging the Social Security Commissioner's ("Commissioner") assignments to it of statutory responsibility for health benefits of a number of retirees under § 9706 of the Coal Industry Retiree Health Benefit Act, 26 U.S.C. §§ 9701–9722, 30 U.S.C. § 1232(h) ("Coal Act"). In Counts I and II of its complaint, Massey challenged all the Commissioners's assignments to Massey made after October 1, 1993. In Counts III and IV of its complaint, Massey sought to bar the Commissioner from shifting statutory responsibility to it from another coal operator, Eastern Enterprises, to whom the Commissioner had previously assigned liability for several life-time health-benefits. In Counts V, VI, and VII, Massey asked for a return of all premiums wrongfully held, restitution, and a credit for those premiums paid but not returned under the assignments alleged unlawful in the first four counts. The Trustees of the United Mine Workers of America Combined Benefit Fund ("Trustees") filed an intervening complaint against Massey seeking to uphold the Commissioner's assignments.

The parties cross-moved for summary judgment with respect to all of Massey counts. On July 23, 2002, the District Court granted summary judgment in favor of Massey on its first four counts and denied the SSA's and the Trustee's motions with respect to those counts. The district court did not rule on the parties' cross-motions for summary judgment with respect to Massey's Counts V, VI, and VII.

Massey filed a motion for entry of judgment pursuant to Rule 54(b) with respect to Counts I through IV. The district court granted that motion on September 5, 2002, and issued a "final and appealable" Partial Judgment in Massey's favor. The SSA and the Trustees appealed the district court's order to this Court, and on March 21, 2003, pursuant to controlling Supreme Court precedent issued in 2003, *Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 123 S.Ct. 748, 154 L.Ed.2d 653 (2003), this court granted the parties' joint motion summarily to reverse in part and vacate in part the district court's decision as to Counts I and II. Therefore, currently before this Court on appeal is the district court's judgment as to Counts III and IV. The district court maintains Counts V, VI, and VII to the extent they request relief with respect to the assignments described in Counts III and IV.

Federal Rule of Civil Procedure 54(b) permits immediate review of a district court order in a multi-claim/multi-party action prior to the ultimate disposition of the case if two requirements are met. *General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir.1994). First, "the district court must expressly 'direct the entry of final judgment as to one or more but fewer than all the claims or parties' in a case." *Id.* at 1026 (citing Fed.R.Civ.P. 54(b)). The district court satisfied this first factor by granting summary judgment to Massey on Counts I through IV, and then certifying those issues to this Court pursuant to Rule 54(b). The district court currently maintains Counts V, VI, and VII to the extent they request relief with respect to the assignments described in Counts III and IV.

Second, the district court must " 'expressly determine that there is no just reason' to delay appellate review." *General Acquisition*, 23 F.3d at 1026 (citing

Fed.R.Civ.P. 54(b)). This express determination requires the district court to weigh competing factors involved in the certificate decision and express that balancing in the certificate of appealability. *Daleure v. Kentucky*, 269 F.3d 540, 543 (6th Cir.2001); *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 61 (6th Cir.1986). It is not enough for the court to "just recite the 54(b) formula of 'no just reason for delay.' " *Solomon*, 782 F.2d at 61 (citation omitted).

The district court has not satisfied this second element because its certification of appealability under Rule 54(b) did not contain the "express determination" required by this Court's precedent. The district court's certification simply stated:

> This matter is before the Court for consideration of the Plaintiff's Motion For Entry of Judgment Pursuant to Rule 54(b). The Court finds there is no just reason for delay of the entry of final, partial judgment. Accordingly, the Court being otherwise sufficient [sic] advised hereby ORDERS that the Plaintiff's Motion is GRANTED. A final Partial Judgment will be entered forthwith in the Plaintiff's favor.

Further, the district court's accompanying partial judgment simply stated:

> In accordance with the Memorandum Opinion and Order entered on July 23, 2002, and the Order entered concurrently with this Partial Judgment, there is no just reason for delay of the entry of partial, final judgment. Accordingly, it is hereby ORDERED and ADJUDICATED that: ... (6) There being no just reason for delay this partial Judgment shall be ENTERED; and (7) That this is a final and appealable partial Judgment.

This recitation of the 54(b) formula without an analysis of the competing factors provides insufficient justification for the dis-

trict court's certification of the issues for appeal. Therefore, in accordance with our court's precedent, this appeal is dismissed.