**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0245n.06

No. 16-1556

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Apr 28, 2017
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| ERIC HILTON, | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| MIDLAND FUNDING, LLC et al., | ) | |
| | ) | **OPINION** |
| **Defendants-Appellees.** | ) | |
| | ) | |

Before: BOGGS, SILER, and MOORE, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** In this appeal, the parties ask us to decide, first, whether it was permissible for the district court to dismiss the case rather than issue a stay of proceedings after compelling arbitration and, second, whether Defendants waived their right to elect to arbitrate Plaintiff's claims. For the reasons discussed below, we **AFFIRM** the district court's dismissal and we **VACATE** the district court's judgment that Defendants did not waive their right to arbitrate because the district court did not have the authority to rule on this question.

**I. BACKGROUND**

The underlying issue in this case is Plaintiff-Appellant Eric Hilton's claim that Defendant-Appellee Midland Funding, LLC (acting through Defendant-Appellee Midland Credit Management, Inc., acting on behalf of Defendant-Appellee Encore Capital Group, Inc., and relying on counsel Defendant-Appellee Stillman Law Office) attempted to collect on a time-

barred debt in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. The questions before us revolve not around the substance of Hilton's FDCPA claim, but around the arbitration agreement between Hilton and Dell Financial Services, LLC, which later sold the debt to Midland Funding.

When Hilton purchased a Dell computer, he opened a Dell Preferred Account to finance the purchase through Dell Financial Services. R. 1 (Compl. at ¶¶ 17–20) (Page ID #6); R. 16-3 (Elec. R. of Account) (Page ID #153). This account was governed by a Credit Agreement, which included an arbitration provision. R. 16-2 (Credit Agreement) (Page ID #125–27). The arbitration provision states, in relevant part:

> **Arbitration.** Except as expressly provided herein, any claim, dispute or controversy (whether based upon contract; tort, intentional or otherwise; constitution; statute; common law; or equity and whether pre-existing, present or future), including initial claims, counter-claims, cross-claims and third-party claims, arising from or relating to this Agreement or the relationships which result from this Agreement, including the validity or enforceability[] of this arbitration clause, any part thereof or the entire Agreement ("Claim") shall be decided, upon the election of you or us, by binding arbitration pursuant to this arbitration provision and the applicable rules and procedures of the arbitration administrator, including any applicable procedures for consumer-related disputes, in effect at the time the Claim is filed. . . .
>
> For the purposes of this arbitration provision, the terms "we" and "us" shall mean CIT Bank and Dell Financial Services, LP, their parents, direct and indirect subsidiaries, affiliates, licensees, predecessors, successors, assigns and any purchaser of the Account or any receivables arising from the use of the Account, and each of their respective employees, directors and representatives. In addition, for the purposes of this arbitration provision, "we" and "us" shall mean any third party providing any products or services to you or us in connection with the Account (including but not limited to any credit bureau, debt collector or merchant, and including their parents, direct and indirect subsidiaries, affiliates, licensees, predecessors, successors and assigns, and each of their respective employees, directors and representatives) if such third party is a co-defendant with us in any Claims asserted by you or if any Claims asserted by you against

such third party arise from or are related to the Account or any products or services provided to you or us in connection with the Account.

R. 16-2 (Credit Agreement) (Page ID #126–27).

Hilton admits that he was in default on the account "[a]t a point in time before February 3, 2008." R. 1 (Compl. at ¶ 27) (Page ID #7). On February 3, 2014, Midland Funding sued Hilton in Michigan state court to collect the outstanding balance. *Id.* at ¶ 29 (Page ID #7). On January 23, 2015, Hilton filed a complaint against Midland Funding, Midland Credit Management, Encore Capital, and Stillman Law Office, alleging that Defendants violated the FDCPA by attempting to collect on a time-barred debt. *Id.* at ¶ 31–33 (Page ID #7–8). On March 26, 2015, Defendants moved to compel arbitration and dismiss the district-court case, citing the Dell Preferred Account Credit Agreement's arbitration provision. R. 16 (Mot. to Compel Arbitration & Dismiss at 10–11, 19–21) (Page ID #97–98, 106–07); R. 18 (Mot. to Join Mot. to Compel Arbitration & Dismiss at 1) (Page ID #181).

On March 31, 2016, the district court entered an Opinion and Order. R. 43 (Op. and Order at 1–19) (Page ID #697–715). The district court held that Hilton's claim was arbitrable. *Id.* at 10 (Page ID #706). The district court also held that Defendants did not waive their right to arbitrate by bringing a debt-collection action in state court. *Id.* at 13 (Page ID #709).[1] Following these holdings, the district court "**ORDERED** that the parties are directed to proceed with arbitration of Plaintiff's claims pursuant to the terms of the agreement to arbitrate," and

---

[1]The district court also ruled that Hilton did not have the right to a jury trial to determine whether the arbitration agreement applies to him and that the matter should not be arbitrated as a class action. *Id.* at 15–18 (Page ID #711–14). Neither of these rulings is at issue in this appeal, and we express no opinion on these matters.

"**FURTHER ORDERED** that, in lieu of staying the proceedings, this case is **DISMISSED WITHOUT PREJUDICE** to the parties' right to move to reopen this case for entry of an arbitration award or for any other relief to which the parties may be entitled." *Id.* at 18–19 (Page ID #714–15). Hilton appealed, raising two issues: the district court's decision to dismiss the case rather than stay the proceedings; and the district court's holding that Defendants had not waived arbitration.

## II. DISCUSSION

### A. Appellate Jurisdiction

First, we must address jurisdiction. Although the parties do not question our jurisdiction to hear this appeal, we have an obligation in every case to determine whether we have jurisdiction. *See Daleure v. Kentucky*, 269 F.3d 540, 543 (6th Cir. 2001).

The district court dismissed Hilton's case without prejudice. We generally "have jurisdiction of appeals from all final decisions of the district courts of the United States," 28 U.S.C. § 1291, and, more specifically, we have jurisdiction to review "a final decision with respect to an arbitration that is subject to [the Federal Arbitration Act]," 9 U.S.C. § 16(a)(3). We have previously held that "[w]here an action, and not merely an amendable complaint (or petition), is dismissed without prejudice, the order of dismissal is final and appealable." *Zayed v. United States*, 368 F.3d 902, 905 (6th Cir. 2004); *see also Howell v. Rivergate Toyota, Inc.*, 144 F. App'x 475, 477 (6th Cir. 2005) ("'[A]n order deferring to arbitration' is appealable if the order constitutes a 'final decision.' The district court's order dismissed [plaintiff's] action, albeit without prejudice, and the order thus constitutes a final decision. Accordingly, appellate

jurisdiction exists under 28 U.S.C. § 1291.") (quoting *ATAC Corp. v. Arthur Treacher's, Inc.*, 280 F.3d 1091, 1095–96 (6th Cir. 2002)) (citing *Zayed*, 368 F.3d at 904–05).[2] Because an order dismissing a case without prejudice is a final decision, we have jurisdiction to hear this appeal pursuant to 9 U.S.C. § 16(a)(3) and 28 U.S.C. § 1291.

## B. Dismissal

Second, we address whether the district court erred by dismissing the case in lieu of staying the proceedings. The Federal Arbitration Act (FAA) instructs that "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration," the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. The FAA's instruction that courts should stay proceedings pending arbitration applies only if a few conditions are met. First, the issue must be arbitrable. Second, one of the parties must apply for a stay. Third, the party requesting the stay cannot be in default in proceeding with the arbitration.

The second requirement, that one of the parties request a stay, is the key requirement in this case. Neither party requested a stay in the district court. Three Defendants filed a motion

---

[2]The Supreme Court has stated explicitly that an appeal may be taken from a district court order that "directed that the dispute be resolved by arbitration and dismissed respondent's claims with prejudice." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86–87 (2000). The Supreme Court has also stated explicitly that, "[h]ad the District Court entered a stay instead of a dismissal in this case, that order would not be appealable." *Id.* at 87 n.2 (citing 9 U.S.C. § 16(b)(1)). The Supreme Court does not appear to have addressed whether an order directing a dispute to be resolved by arbitration and dismissing the case without prejudice is a final, appealable decision.

entitled Defendants Midland Funding, LLC's, Midland Credit Management, Inc.'s, and Encore Capital Group, Inc.'s Motion to Compel Arbitration and to Dismiss Trial Court Proceedings. R. 16 (Mot. to Compel Arbitration & Dismiss at 1) (Page ID #84). The remaining Defendant filed a motion entitled Defendant Stillman Law Office's Motion to Join Midland Funding, LLC's, Midland Credit Management, Inc.'s, and Encore Capital Group, Inc.'s Motion to Compel Arbitration and to Dismiss Trial Court Proceedings. R. 18 (Mot. to Join Mot. to Compel Arbitration & Dismiss at 1) (Page ID #181). In their motion to compel arbitration and dismiss, the Midland Defendants make one passing reference to staying the proceedings. R. 16 (Mot. to Compel Arbitration and Dismiss at 1) (Page ID #84) ("[T]he Midland Defendants respectfully request this Court stay all proceedings as to Plaintiff Hilton or dismiss his claims without prejudice."). Otherwise, Defendants' motions to compel arbitration and dismiss do not mention staying the proceedings, but repeatedly request that the court dismiss the proceedings.

Defendants also do not mention staying the proceedings either in Defendants Midland Funding, LLC's, Midland Credit Management, Inc.'s, and Encore Capital Group, Inc.'s Reply in Further Support of Motion to Compel Arbitration and to Dismiss Trial Court Proceedings or in Defendant Stillman Law Office's Reply to Plaintiff's Response to Defendants' Motion to Compel Arbitration and to Dismiss Trial Court Proceedings. *See* R. 28 (Midland Defendants' Reply at 2) (Page ID #473); R. 32 (Stillman Law Office's Reply at 1) (Page ID #492).

In his Response in Opposition to Defendants' Motion to Compel Arbitration, Hilton did not request a stay of proceedings. Hilton asked that "*if* this Court orders that this matter be stayed pending arbitration, this Court should also enter an order permitting this matter to proceed

as a class action," but never specifically requested that the court stay the proceedings rather than dismissing them. R. 25 (Resp. in Opp'n to Defs.' Mot. to Compel Arbitration at 15) (Page ID #218) (emphasis added).

The FAA requires a court to stay proceedings pending arbitration only "on application of one of the parties." 9 U.S.C. § 3. Vague references to a stay do not constitute a request for a stay. *See, e.g., Knall Beverage, Inc. v. Teamsters Local Union No. 293 Pension Plan*, 744 F.3d 419, 424 (6th Cir. 2014); *Travelers Prop. Cas. Co. of Am. v. Hillerich & Bradsby Co.*, 598 F.3d 257, 273 (6th Cir. 2010). Neither party did more than vaguely reference the possibility of staying the proceedings. If Hilton wanted the district court to stay the proceedings rather than dismiss them, Hilton needed explicitly to request a stay. Because none of the parties in this case requested a stay of proceedings, the district court did not err by dismissing the case without prejudice.

## C. Waiver of Right to Arbitrate

Finally, we address whether the district court erred by holding that Defendants did not waive the right to elect to arbitrate Hilton's FDCPA claim. The district court should not have ruled on this issue because the arbitration provision delegates this question to the arbitrator and Defendants elected to arbitrate this issue.

Arbitration provisions can include agreements to arbitrate gateway issues about enforceability, such as "allegation[s] of waiver." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (alteration in original) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)); *see also Rent-A-Center, W., Inc. v. Jackson*, 561 U.S.

63, 70 (2010). In this case, the arbitration provision specified that either party could elect to arbitrate "the validity or enforceability[] of this arbitration clause." R. 16-2 (Dell Preferred Account Credit Agreement) (Page ID #127). Before the district court, Defendants relied on this provision, pointing out that "[a]s an initial matter, any disputes as to whether Plaintiff's claims are within the scope of the arbitration provision or whether some defense to arbitrability may apply are reserved for decision by the arbitrator under the express language of the arbitration agreement." R. 16 (Mot. to Compel Arbitration and Dismiss at 20) (Page ID #107). Because the arbitration provision states that issues related to the provision's enforceability (such as waiver) could themselves be arbitrated, Defendants were entitled to elect to arbitrate the waiver issue, and the district court should not have ruled on Hilton's waiver argument.

Before this court, Defendants did not argue that the arbitrator must decide whether they waived the right to arbitrate. But Hilton is correct that "Defendants cannot have it both ways, argue that the arbitration provisions give authority to the arbitrator to determine whether the[y] waived their rights to compel arbitration and argue before the district [court] and on appeal that the Courts should determine whether [they] waived arbitration." Reply Br. at 14. Having elected to arbitrate waiver—by filing a motion to compel arbitration that argues that the arbitrator must decide the waiver issue—Defendants cannot now argue that this court should decide the waiver issue. The district court erred by deciding the waiver issue, and we would also err if we were to decide the waiver issue. If the parties want to pursue their waiver arguments, they must do so before the arbitrator.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's dismissal of the case but **VACATE** its judgment that Defendants did not waive their right to arbitration and **REMAND** for further proceedings consistent with this opinion.