951 F.2d 348
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DREXEL BURNHAM LAMBERT, INC. and Chester Dudzik, Plaintiffs-Appellees,
v.
Paul MANCINO, Jr., Defendant-Appellant.
 No. 91-3213.
 United States Court of Appeals, Sixth Circuit.
 Dec. 19, 1991.
 
 Before MERRITT, Chief Judge, KENNEDY, Circuit Judge, and JAMES HARVEY, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-appellant Paul Mancino, Jr. appeals from a district court order granting summary judgment against him and compelling the parties to arbitrate their securities transaction disputes. For the reasons stated below, we AFFIRM the district court's decision.
 
 I.
 
 2
 Plaintiff Drexel Burnham Lambert, Inc. ("Drexel") is a New York corporation in the securities industry. Defendant Mancino maintained a trading account with Drexel for approximately three years. Plaintiff Chester Dudzik represented Drexel, and serviced Mancino's trading account with the firm. Before working for Drexel, Dudzik worked for Shearson Lehman Brothers, and handled Mancino's account there. At the time of Dudzik's move to Drexel, Mancino signed a transfer agreement authorizing the transfer of his account to Drexel.
 
 
 3
 The parties apparently did not sign a formal account agreement specifying the terms of Drexel's handling of Mancino's account. Rather, the parties acted on an ad hoc basis, with Dudzik performing various functions for Mancino, primarily advising and executing the purchase and sale of securities for the account. Each transaction was accompanied by a confirmation slip from Drexel/Dudzik to Mancino, identifying the particulars of the transaction, and specifying certain terms and conditions. The confirmation slip stated that the transaction being confirmed was subject to the terms and conditions printed on the back of the slip. Included in those terms and conditions was provision (6), which stated that the parties agreed that "all controversies which may arise between us concerning any transaction or the construction, performance or breach of this or any other agreement between us, whether entered into prior, or on subsequent to the date hereof, shall be determined by arbitration."
 
 II
 
 4
 We must first determine whether this court has jurisdiction to hear this appeal. Under the Federal Arbitration Act, only some orders pertaining to arbitration are immediately appealable. As a general matter, the Act distinguishes between interlocutory orders favoring arbitration, which are not appealable, and final orders favoring arbitration, which are. 9 U.S.C. § 16 (1990). Section 16(a)(3) specifically provides that an appeal may be taken from "a final decision with respect to an arbitration that is subject to this title." 9 U.S.C. § 16(a)(3) (1990). The issue then becomes whether the district court's grant of summary judgment was a "final decision."
 
 
 5
 In our view, it was. A final decision is one which " 'ends the litigation on the merits and leaves the court nothing to do but execute the judgment.' " Arnold v. Arnold Corp., 920 F.2d 1269, 1275 (6th Cir.1990) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). Similarly, a final order is one which "dismisses 'an action in deference to arbitration' and enters a final judgment." Id.
 
 
 6
 Under these standards, the district court's grant of summary judgment and its order compelling arbitration are final, and therefore appealable under 9 U.S.C. § 16. Plaintiffs sued for a specific remedy--an order compelling arbitration under 9 U.S.C. § 4. The district court reached a final decision on the merits when it granted the remedy plaintiffs sought. Under section 16(a)(3) of the Arbitration Act, the order is immediately appealable.
 
 III
 
 7
 We review a grant of summary judgment de novo. Storer Communications, Inc. v. National Ass'n of Broadcast Employees & Technicians, 854 F.2d 144, 146 (6th Cir.1988). Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
 
 
 8
 When a party to an interstate contract invokes the Federal Arbitration Act to enforce a putative arbitration clause within that contract, a court's review is limited to two issues: (1) whether an express written agreement to arbitrate the subject matter of the present dispute exists between the parties, and (2) if so, whether the agreement to arbitrate has been breached. Johnson Controls, Inc. v. City of Cedar Rapids, 713 F.2d 370, 373 (8th Cir.1983). In addressing each issue, the court must apply federal substantive law. Id. at 373 (citing Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 23 (1983)). The court must be guided by the liberal federal policy favoring arbitration in contracts governed by the Federal Arbitration Act. Id. (citing Moses H. Cone Memorial Hosp., 460 U.S. at 24). Any doubts about the construction of the putative arbitration clause are to be resolved in favor of arbitration. Id.
 
 
 9
 Here, there is no dispute that Mancino refused to arbitrate the disagreement relating to the transactions between the parties. Thus, the only issue for this court is whether the parties' agreement included a valid arbitration provision as a matter of law. We find that it did.
 
 
 10
 It is well settled that the terms of a written confirmation memorandum become part of a contract. "Where, as here, a [seller] has a well established custom of sending purchase order confirmations containing an arbitration clause, a buyer who has made numerous purchases over a period of time, receiving in each instance a standard confirmation form which it ... retained without objection is bound by the arbitration provision." Pervel Indus. v. T M Wallcovering, Inc., 871 F.2d 7, 8 (2d Cir.1989). This rule has consistently been enforced in the context of transactions between securities brokers/dealers and their customers. See, e.g., Shirl v. Drexel Burnham Lambert, No. 4-88-866, 1989 WL 90159, 1989 U.S. Dist. LEXIS 10434 (D.Minn. May 24, 1989) (question of valid signature on account agreement mandating arbitration of disputes need not be reached because parties' conduct which accorded with standard brokerage practices, including sending confirmation slips specifying terms, was sufficient to establish existence of agreement to arbitrate disputes).
 
 
 11
 Mancino has objected to the arbitration clause being considered part of his contract, without challenging the confirmation slips in toto. This analysis is incorrect, for a court need not examine whether there was a subjective agreement as to each and every clause in a contract, but rather whether through the course of dealings and the document as a whole the parties intended themselves to be bound. Genesco Inc. v. T. Kaikuchi & Co., 815 F.2d 840, 845 (2d Cir.1987). Here, every transaction between the parties was accompanied by a confirmation slip conditioning the transaction upon acceptance of the "Terms and Conditions," including the arbitration clause. As succinctly noted by the district court, "[Mancino] had ample opportunity to read the arbitration clause and have it stri[c]ken or refuse to do business with the plaintiffs. However, [Mancino] continued to do business with [Drexel/Dudzik] and, therefore, he is now bound by the arbitration clause."
 
 
 12
 Mancino contends that he had an oral agreement with Dudzik providing for no arbitration between them. He cites as evidence the absence of a customer account agreement containing an arbitration clause, which ordinarily would have been signed by a customer such as Mancino. This analysis falters. The written confirmation slips superseded any prior oral contractual terms. The slips expressly provide that a condition of the transaction was that any controversy arising out of that "or any other agreement between [the parties], whether entered into prior, on or subsequent to the date hereof, shall be determined by arbitration." Mancino gives no reason why these terms are not controlling.
 
 IV
 
 13
 Mancino has raised three final arguments, all without merit. First, he contends that Drexel/Dudzik waived their right to arbitration by reason of delay. A six-month interval between the filing of the state court proceeding and the Federal Arbitration Act filing does not constitute the type of actual prejudice necessary to support this claim. See In re Mercury Constr. Corp., 656 F.2d 933 (4th Cir.1981), aff'd on other grounds, Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1982).
 
 
 14
 Second, Mancino contends that the availability of a parallel remedy in state court proceedings mandates abstention by the federal court under Younger v. Harris, 460 U.S. 37 (1971). This contention misapprehends the nature of Younger abstention doctrine. In this case, the federal statute under which relief was granted expressly contemplates the present situation--Mancino is therefore unable to elevate the state court proceedings to the paramount importance and vitality necessary to implicate the Younger doctrine. See Moses H. Cone Memorial Hosp., 460 U.S. 1 (1983). Further, Mancino's concerns for judicial economy and conservation of judicial resources are not sufficient to overcome the federal courts' " 'virtually unflagging obligation ... to exercise the jurisdiction given them.' " Id. at 15 (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)).
 
 
 15
 Mancino's third contention is similarly without merit. The bankruptcy filing of one of the plaintiffs, Drexel, does not give occasion to invalidate an otherwise enforceable arbitration provision. Plaintiff Dudzik remains an interested party, and arbitration of claims against him should proceed in accordance with the order below.
 
 
 16
 The decision of the district court is therefore AFFIRMED.
 
 
 
 *
 Honorable James Harvey, United States District Court for the Eastern District of Michigan, sitting by designation